MICHAEL R. JOE, ESQ.
Nevada Bar No.: 10626
**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd
Las Vegas, NV 89104
Telephone: (702) 386-1070 x 1452
Facsimile: (702) 386-1452
mjoe@lacsn.org

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARIA TREJO DE ZAMORA and,
ISELA GOMEZ-DEHINES

Plaintiff,

vs.

AUTO GALLERY, INC.

Defendant(s).

Case No.: 2:12-cv-1357-APG-CWH

**PLAINTIFFS' PROPOSED PRETRIAL ORDER**

Plaintiffs, MARIA TREJO DE ZAMORA and ISELA GOMEZ-DEHINES, by and through their counsel, Michael R. Joe, Esq., of the Legal Aid Center of Southern Nevada, Inc., in compliance with the "Order" entered October 18, 2012 establishing a discovery plan and scheduling order, attach Plaintiffs' proposed Pretrial Order.

Counsel for Plaintiffs' have been advised by counsel for Defendant that if the case could not be settled (and, it could not), then defense counsel intended to withdraw. As such, defense counsel was not interested in spending time to meet and work on a proposed Joint Pretrial Order.

As such, Plaintiffs' proposed Pretrial Order, attached, was prepared without any input

///

///

///

///

///

from defense counsel.

DATED this 28th day of May, 2014.

**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**

/s/ Michael R. Joe, Esq.
Michael R. Joe, Esq.
Nevada Bar No. 10626
**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd
Las Vegas, NV 89104
Telephone: (702) 386-1070 x 1432
Facsimile: (702) 386-1432
Attorneys for Plaintiffs

## CERTIFICATE OF ECF SERVICE

I HEREBY CERTIFY that on the 28th day of May, 2014, a copy of the PLAINTIFFS' PROPOSED PRETRIAL ORDER was electronically mailed to:

Kim D. Price, Esq.
6385 S. Rainbow Blvd., #600
Las Vegas, NV 89118
Kim.price@lewisbrisbois.com

Gus Flangas, Esq.
3275 S. Jones Blvd., 105
Las Vegas, NV 89146
gwf@flangasmcmillan.com

/s/Amy Berlin
An employee of Legal Aid Center of Southern Nevada, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARIA TREJO DE ZAMORA and, ISELA GOMEZ-DEHINES

Plaintiff,

vs.

AUTO GALLERY, INC.

Defendant(s).

Case No.: 2:12-cv-1357-APG-CWH

Following pretrial proceeding in this cause,

IT IS ORDERED:

**I.**

This is an action for:

This Complaint arises out of the sale on credit of a 2004 Nissan Xterra, (VIN 5N1ED28T44C66010) from Defendant, AUTO GALLERY, INC., to Plaintiffs, MARIA TREJO DE ZAMORA and ISELA GOMEZ-DEHINES, on August 17, 2011. Defendant Auto Gallery extended credit to Plaintiffs in the purchase of the vehicle. Defendant repossessed the vehicle. Plaintiff alleges that during the course of the August 17, 2011 transaction and thereafter, Defendant violated numerous state and federal statutes, engaged in fraudulent misrepresentation and converted Plaintiffs' personal property.

Plaintiff asserts claims for:

Violations of the Truth in Lending Act (TILA);

Violations of NRS Chapter 97, Retail Installment Sales of Goods and Services;

Violations of NRS Chapter 97, Retail Installment Sales of Goods and Services, and NRS 482.3277 Dealers: Certain purchasers and prospective purchasers to be allowed to view certain documents in Spanish language;

Fraudulent Misrepresentation;

Violations of the Federal Trade Commission's Used Motor vehicle Trade Regulation Rule;

Violations of Chapter 598, Deceptive Trade Practices;

Conversion of Personal Property;

Violations of NRS Chapter 104: Uniform Commercial Code;

Breach of Contract;

Declaratory Judgment;

Plaintiffs seek actual damages, statutory damages, consequential damages, non-economic damages, punitive damages, plus attorney's fees, prejudgment interest, and costs based on Defendant's violations of law.

Defendant asserts the following affirmative defenses:

Plaintiff fails to state a claim upon which relief can be granted;

Defendant's conduct was not the cause in fact or the proximate cause of Plaintiff's damages;

Plaintiff's claims are barred by the statute of frauds;

Defendant did not breach any duty it owed to Plaintiff;

Plaintiffs did not exercise ordinary care, caution and prudence to avoid the alleged loss they complain about in their complaint and therefore Plaintiffs proximately caused their own alleged loss;

Plaintiff's claims are barred by the Doctrine of Estoppel;

Plaintiff's claims are barred by the Doctrine of Waiver;

Plaintiff's claims are barred by the Doctrine of Laches;

Plaintiff's claims are barred by the Doctrine of unclean hands and their failure to do equity;

Plaintiffs have failed to name parties necessary for full and adequate relief essential in this action;

Plaintiff's claims are too speculative;

The complaint and each and every cause of action contained herein are barred by the acts, omissions, representations and courses of actions by the Plaintiffs, thereby barring, by the doctrine of estoppel, any cause of action asserted by them;

The damages allegedly suffered by the Plaintiffs, if any, were caused in whole or in part by their own acts or omissions;

The damages allegedly suffered by the plaintiffs, if any, were caused in whole or in part by the acts and omissions of third parties over whom the Defendant had no control;

Plaintiffs have suffered no damages and are therefore not entitled to any relief;

At all times, the Defendant acted in a legally permissible way;

Plaintiff's claims are barred from obtaining any recovery in that any damages which they may have suffered were caused by their own negligent and/or intentional misconduct;

Plaintiff's claims are barred by their own inequitable actions in their dealings with Defendant;

Any and all actions taken by Defendant have been in good faith and in the belief that its actions were legally justified, and Defendant has never taken any action to intentionally harm Plaintiffs;

Plaintiff's claims are barred by their own negligent misrepresentations;

Defendant denies each and every allegation of the claims of Plaintiffs not specifically admitted or otherwise pled to herein;

Plaintiff's claims are barred by the statute of limitations;

Any alleged violations of law, which Defendant denies, were bona fide errors or unintentional violations notwithstanding the maintenance of procedures reasonably adapted to avoid any such error;

Plaintiff's claims are barred by under TILA or Regulation Z as these laws do not apply to extensions of credit for business purposes;

Plaintiff's claims are barred by under the "Motor Vehicle Purchase Order and Federal Disclosure Statement" the Plaintiffs executed on August 17, 2011.

Defendants actions were specifically authorized by the Plaintiffs pursuant to the "Motor Vehicle Purchase Order and Federal Disclosure Statement" the Plaintiffs executed on August 17, 2011.

Defendant's actions were in good faith and complied with all applicable contract, covenants, laws, rules, regulations, standards, and statutes.

**II.**

Statement of Jurisdiction:

Jurisdiction arises under the laws of the United States, 15 U.S.C. § 1601, et seq., and 28 U.S.C. §§ 1331 and 1337. The court has supplemental jurisdiction of the state law causes of action pursuant to 28 U.S.C. § 1367. Venue is proper in this district pursuant to 28 U.S.C. §

1391(b) and (c) in that the claims arose in, and the Defendant has conducted business in, this district.

**III.**

The following facts are admitted by parties and require no proof:

Plaintiffs made $8200.00 in payments.

Plaintiffs purchased a vehicle from Defendant.

The retail installment sales contract lists the vehicle's sale price as $7,198.00, sales tax of $582.30 for a total of $7,771.30 and a finance charge of $3,000.00 for a total price of $10,771.30.

The contract states that there will be 15 monthly payments of $718.20 beginning on September 1, 2011.

The contract does not disclose the annual percentage rate.

The contract omits material information in that the contract is not in the form and content required by NRS 97.299, NRS 97.301, and NAC 97.120.

The vehicle was repossessed by Defendant on July 5, 2012.

Defendant is a "used vehicle dealer," as defined in NRS 482.133, because Defendant is a "vehicle dealer who is licensed in accordance with the provisions of [NRS Chapter 482] as a used vehicle dealer and who acquires used vehicles for resale."

On September 9, 2011 Plaintiffs made and Defendant accepted a late payment of $1000.00 eight days late as evidenced by Receipt No. 163282, which indicates an outstanding balance of $9,771.30.

On October 17, 2012 Plaintiffs made and Defendant accepted a late payment of $1,000.00 seventeen days late as evidenced by Receipt No. 163292, which indicates the outstanding balance of $8,771.30.

On November 18, 2011 Plaintiffs made and Defendant accepted a late payment of $1,000.00 seventeen days late as evidenced by Receipt No. 163302, which indicates the outstanding balance of $7,771.30.

On January 18, 2012 Plaintiffs made and Defendant accepted a late payment of $500.00 seventeen days late as evidenced by receipt No. 163316.

On February 15, 2012 Plaintiffs made and Defendant accepted a late payment of $4,200 fourteen days late as evidenced by receipt No. 163332, upon which this receipt reflects Auto Gallery's agreement to reduce the overall purchase price by $1,500.00, indicating a balance due of $1,571.30.

On April 4, 2012 Plaintiffs made and Defendant accepted a late payment of $500.00 four days late.

Plaintiffs attempted to pay $600.00 in May 2012 however Defendant refused the payment, and demanded Plaintiff sign a new contract stating they owed $2,500.00.

The contract does not disclose an APR.

After repossession, Defendant claims to have sent Plaintiffs a letter dated July 5, 2012, which Plaintiffs contend violates NRS Chapter 104.

**IV.**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: None.

**V.**

The following are the issues of fact to be tried and determined upon trial.[1] (Each issue of fact must be stated separately and specific terms.)

1. What was the amount of deposit that Plaintiffs made on the vehicle?

---

[1] Should counsel be unable to agree upon the statement of issues of fact, the joint pretrial order should include separate statements of issues of fact to be tried and determines upon trial.

2. What was the location of the vehicle at the time it was repossessed, and was a breach of peace committed?
3. Is Defendant a creditor under TILA?
4. Did Defendant "regularly extend" credit by regularly extending credit more than 25 times in the calendar year preceding August 17, 2011?
5. Did Defendant send a notice of disposition of the vehicle to the Plaintiffs, and whether the content complied with NRS 104.9614(1)?
6. Whether Defendant conducts business in Spanish and whether Defendant spoke Spanish with Plaintiffs in relation to the sales transaction.
7. Whether Defendant intended to induce Plaintiffs to act or refrain from acting upon the failure to disclose an annual percentage rate.
8. Whether Plaintiffs were damaged as a result of justifiably relying on Defendant's failure to disclose an annual percentage rate.
9. Whether the annual percentage rate was a material fact.
10. Whether Defendant knowingly omitted the annual percentage rate from the sales contract.
11. Whether Defendant acted with malice, express or implied, for purposes of determining punitive damages.
12. The amount of damages, actual and consequential, including loss of use damages, noneconomic damages, and punitive damages.

**VI.**

The following are the issues of law to be to be tried and determined upon trial.

1. Did Defendant violate the Truth in Lending Act, 15 U.S.C. § 1638, by failing to disclose the annual percentage rate?
2. If Defendant is found to have violated TILA, does that qualify as bad faith in violation of NRS 104.1304?
3. Are noneconomic damages available to Plaintiffs under any claim for relief?

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk:

(1) Plaintiff's Exhibits.
Complete title history for the vehicle from DMV.
Receipt referencing the $3,500.00 down payment.
Receipt for $4,200.00 with reduction in principal.
Sales contract for vehicle.
July 5, 2012 letter after repossession
Receipts for payments totaling $8,200.00.
Auto Gallery ledger showing payments.
If denied, then Plaintiffs intend to subpoena for trial Defendant's documents showing whether Defendant extended credit more than 25 times in the calendar year preceding August 17, 2011.

(2) Defendant's exhibits
Defendant has not submitted any exhibits.

(b) As to the following additional exhibits the parties have reached the stipulations stated: None.

(c) As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated: None known.

(d) Depositions:

(1) Plaintiff will offer the following depositions: None.

(2) Defendant will offer the following depositions: None.

(e) Objections to Depositions:

(1) Defendant objects to plaintiffs' depositions as follows: None.

(2) Plaintiff objects to defendant's depositions as follows: None.

**VIII.**

The following witnesses may be called by the parties upon trial:

(a) State the names and address of Plaintiff's witness.

(1) Person most knowledgeable
State of Nevada Division of Motor Vehicles
8250 W. Flamingo Rd.
Las Vegas, NV 89147-4111

(2) Maria Trejo de Zamora
c/o Legal Aid Center of Southern Nevada
725 E. Charleston Blvd.
Las Vegas, NV 89104

(3) Isela Gomez-Dehines
c/o Legal Aid Center of Southern Nevada
725 E. Charleston Blvd.
Las Vegas, NV 89104

(4) Pejman Zahedi
Auto Gallery
6155 W. Sahara Avenue, Unit 284
Las Vegas, NV 89146

(b) State the names and addresses of defendant's witnesses: Unknown.

**IX.**

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:

June 17, 2014

July 1, 2014

July 9, 2014

It is expressly understood by the undersigned that the Court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

**X.**

It is estimated that the trial herein will take a total of 2 days.

APPROVED AS TO FORM AND CONTENT:

____________________
Michael R. Joe, Esq.
Nevada Bar No. 10626
**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd
Las Vegas, NV 89104
Telephone: (702) 386-1070 x 1432
Facsimile: (702) 386-1432
Attorneys for Plaintiffs

____________________
Kim D. Price, Esq.
6385 S. Rainbow Blvd., #600
Las Vegas, NV 89118
Attorney for Defendant

____________________
Gus Flangas, Esq.
3275 S. Jones Blvd., 105
Las Vegas, NV 89146
Attorney for Defendant

**XI.**

ACTION BY THE COURT

(a) This case is set down for Court/jury trial on the fixed/ stacked calendar on_______. Calendar call shall be held on__________________________________.

(b) An original and two (2) copies of each trial brief shall be submitted to the Clerk on or before___________________________________________________________.

(c) Jury trials:

(1) An original and (2) copies of all instructions requested by either party shall be submitted to the Clerk for filing on or before ______________________.

(2) An original and (2) copies of all suggested questions of the parties to be asked of the jury panel by the Court on *voir dire* shall be submitted to the clerk for filing on or before ______________________.

(d) Court trials

Proposed findings of fact and conclusions of law shall be filed on or before ______________________.

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this 28th day of May, 2014.

______________________________
UNITED STATES DISTRICT JUDGE or
UNITED STATES MAGISTRATE JUDGE