MICHAEL R. JOE, ESQ.
Nevada Bar No.: 10626
**LEGAL AID CENTER OF
SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.,
Las Vegas, Nevada 89104
Telephone: (702) 386-1070 x 1432
Facsimile: (702) 386-1439
mjoe@lacsn.org
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIA TREJO DE ZAMORA and, ISELA GOMEZ-DEHINES<br><br>                    Plaintiffs,<br><br>vs.<br><br>AUTO GALLERY, INC.<br><br>                    Defendant(s). | Case No.: 2:12-cv-01357-MMD-CWH |

## PLAINTIFFS' BRIEF REQUESTED IN COURT'S ORDER OF APRIL 28, 2014, AND MOTION FOR ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST.

Plaintiffs, MARIA TREJO DE ZAMORA and ISELA GOMEZ-DEHINES, by and through their counsel, Dan L. Wulz, Esq., and Michael R. Joe, Esq., of Legal Aid Center of Southern Nevada, Inc., hereby file this brief as requested in the "Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment," filed April 28, 2014, and further moves the Court pursuant to FRCP 54, NRS 41.600(3), NRCP 68 and NRS 17.115 for its Order granting Plaintiffs attorney's fees, costs and prejudgment interest after partial summary judgment.

/ / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Order filed April 28, 2014 found Defendant violated NRS §§ 97.185(1)(e) and 97.299(2)(d), committed consumer fraud by means of a deceptive trade practice under NRS §§ 41.600 and 598.0923(3), committed the tort of conversion, and was in breach of contract. As a result of Defendant's actions and failures to act, this Court requested supplemental briefing on the appropriate remedies, including attorney's fees and costs for the claims granted in Plaintiffs' favor.

### II. FACTUAL BACKGROUND

As the Court found uncontested material facts in its Order of April 28, 2014, and for the sake of brevity, Plaintiffs will not restate those facts here.

### III. ARGUMENT

**A.    APPLICABILITY OF NAC 97.120**

In its Order of April 28, 2014, the Court gave Plaintiffs and Defendant 30 days from entry of the Order to respond to the Court's stated belief that NAC 97.120 applied to the transaction. Plaintiffs believe the Court is correct that NAC 97.120 applied.

**B.    APPROPRIATE REMEDIES FOR SUCCESSFUL CLAIMS**

The Court requested briefs addressing the appropriate remedies for the claims granted in Plaintiff's favor.

**1. Because Defendant violated NRS 97.185(1)(e) and 97.299(2)(d), it violated NRS 598.0923(3) and committed consumer fraud under NRS 41.600(2)(e).**

Due to Defendant's violation of Nevada state law, this Court has found that Defendant violated NRS Chapter 598. Private remedies for violations of NRS Chapter 598 can be found in NRS 41.600(3) which states: If the claimant is the prevailing party, the court shall award the

2

claimant: any damages that the claimant has sustained; any equitable relief that the court deems appropriate; and the claimant's costs in the action and reasonable attorney's fees.

Here the Court has already determined that the Plaintiffs are entitled to at least $8,200.00 in actual damages.   Plaintiffs also contend that they paid an additional $3,500.00, which Plaintiffs understand are additional actual damages that will have to be determined at trial.

**2.  The Tort of Conversion**

While conversion requires a physical act of dominion over personal property, liability for conversion is predicated upon "general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Winchell v. Schiff*, 124 Nev. 938, 944, 193 P.3d. 946, 950 (2008). The full value of the property at the time of conversion is an appropriate measure of damages when the defendant is unable or unwilling to return the property. *See Id.* at 945, 193 P.3d at 950 (*citing Bader v. Cerri*, 96 Nev. 352, 356, 609 P.2d 314, 317 (1980)).

An award of damages for loss of use of the property converted and not returned would also be appropriate for the finder of fact.

As conversion is a tort, Plaintiffs are entitled to punitive damages, which are granted in an amount sufficient to punish Defendant and to deter others from like conduct. *See Caple v. Raynel Campers, Inc.*, 90 Nev. 341, 526 P.2d 334 (1974) (wrongful repossession where buyer not in default, affirming punitive damages) (disagreed with on other grounds by *Ace Truck & Equip. Rentals, Inc. v. Kahn*, 103 Nev. 503, 746 P.2d 132 (1987)); *Nevada Nat. Bank v. Huff*, 94 Nev. 506, 582 P.2d 364 (1978) (wrongful repossession where even though buyer was in default, Bank had established a course of dealing of accepting late payments such that the Bank was obligated to give notice that strict compliance with the terms of the contract would henceforth be required in order to prevent repossession, affirming punitive damages); and *Countrywide Home*

3

*Loans v. Thitchener*, 124 Nev. Adv. Rep. 64, 192 P.3d 243, 250 (2008) (citing *Bumgarner v. Bumgarner*, 124 Idaho 629, 862 P.2d 321, 335 (Idaho Ct. App., 1993)).

Here, the Court has found that Plaintiffs have shown sufficient evidence that Defendant committed the tort of conversion.  Plaintiffs understand the damages claim and punitive damages claim are not amenable for summary judgment and remain for trial.

### 3.  Breach of Contract

Plaintiff has sustained damages as a result of Defendant's breach of contract, *i.e.* actual damages of no less than $8,200.00, which is the total Plaintiff has paid Defendant for the vehicle (not including the $3,500.00 down payment which is a question of fact) as well as consequential damages, including, but not limited to, loss of time and loss of use, in an amount to be determined at trial.

### C.  Plaintiffs Are Entitled To Attorney's Fees

### 1.  It is Well Established That Awards of Attorney's Fees to Pro Bono Counsel are proper.

In *Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005), the Supreme Court of Nevada held that, ". . . awards of attorney's fees to pro bono counsel are proper, provided a legal basis exists and proper factors are applied in making the award."  The proper factors to be applied are the qualities of the advocate, the character and difficulty of the work performed, the work actually performed by the attorney, and the result obtained. *Id.* at 623, 730 (*Citing Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (Nev., 1969)).

In addition to *Miller*, ample authority exists to support this request for attorney's fees. *Miller* at 622.  A non-profit, private legal services organization which represents persons who would otherwise receive no legal assistance can receive an award of attorney's fees in a civil rights class action where, although the organization is funded to a substantial extent from public

4

funds, it exercises independent judgment in performing its legal function. *Palmer v. Columbia Gas of Ohio, Inc.*, 375 F.Supp. 634 (N.D. Ohio 1974). Attorney's fees are routinely awarded to legal services, *pro bono*, or other nonprofit legal organizations every day. *See*, e.g., *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Washington v. Seattle School Dist. No. 1*, 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982); *Dennis v. Chang*, 611 F.2d 1302 (9th Cir. 1980); *Holley v. Lavine*, 605 F.2d 638 (2nd Cir. 1979). It is well settled that attorney's fees under 42 U.S.C. § 1988 are not barred merely because counsel "is a legal services organization providing free legal representation." *Dennis*, *supra*, 611 F.2d at 1304. *Accord*: *Blum*, *supra*, 465 U.S. at 894, 104 S.Ct. at 1547. *See also*: *Washington*, 458 U.S. at 488 n. 31, 102 S.Ct. at 3204 n. 31 (courts "have held with substantial unanimity that publicly funded legal services organizations may be awarded fees").

> When free legal services are provided there may be no direct
> barrier to the courtroom door, but if no fees are awarded, the
> burden of the costs is placed on the organization providing the
> services, and it correspondingly may decline to bring such suits
> and decide to concentrate its limited resources elsewhere, thereby
> curtailing the forceful application of the Act that Congress sought.
> Thus, the denial of fees in this situation indirectly cripples the
> enforcement scheme designed by Congress.

*Hairston v. R & R Apts.*, 510 F.2d 1090, 1092 (7th Cir. 1975).

**2. There are Legal Bases for Making an Award of Attorney's fees to Plaintiffs and the Criteria for Such an Award Have Been Satisfied.**

**a. Procedurally, the Court awards attorney's fees under FRCP 54.**

FRCP 54(d)(2)(A) states that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."

5

Here, as discussed above, NRS 41.600(3) requires attorney's fees to be awarded to victims of consumer fraud by the court. As such, FRCP 54 contemplates attorney's fees being awarded to the prevailing party by motion.

In the April 28, 2014 Order, the Court gave Plaintiffs 30 days to submit a brief addressing appropriate remedies, including attorney's fees and costs. As such, this Motion is timely made.

### b. *NRS 41.600*

The decision of this Court found violations of NRS Chapter 598. A private right of action, and remedies, for violation of NRS Chapter 598 is found in NRS 41.600, which provides, in pertinent part:

> **NRS 41.600 Actions by victims of fraud.**
> 1. An action may be brought by any person who is a victim of consumer fraud.
> 2. As used in this section, "consumer fraud" means: . . .
> (e) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.
> 3. If the claimant is the prevailing party, <u>the court</u> ***shall award*** the claimant: . . .
> (c) ***The claimant's costs in the action and reasonable attorney's fees . . . .***
>
> (Emphasis added).

Plaintiffs are the prevailing party and are entitled to an award of mandatory attorney's fees and costs under NRS 41.600.

### c. **Plaintiffs presented Defendant an Offer of Judgment, which Defendant rejected, and are therefore entitled to attorney's fees pursuant to NRCP 68.**

NRCP 68(a) allows "any party" to serve an offer of judgment, and NRCP 68(f) provides that "[i]f the offeree rejects an offer and fails to obtain a more favorable judgment . . . (2) the offeree shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees, if any be allowed,

actually incurred by the offeror from the time of the offer." *See also:* NRS 17.115. The Court may look to state law in awarding attorney's fees and costs on state law causes of action. *Oakview Bldg. Consensus Joint Venture, LLC v. First Bank,* 2013 WL 1855813 (D.Nv. 2013).

Here an Offer of Judgment in the amount of $8,800.00, including all interest, costs and attorney's fees, was made on October 30, 2012 pursuant to NRCP 68 and NRS 17.115. *See* Oct. 30, 2012, Offer of Judgment, attached hereto as **Exhibit 1**. The Offer of Judgment was not accepted by Defendant and by operation of NRCP 68(e) was deemed rejected. The Court, by Partial Summary Judgment, has found that Plaintiffs are entitled to at least $8,200.00, plus attorney's fees and costs. When attorney's fees, cost and prejudgment interest are added to the $8,200.00, it will be established that Defendant, as offeree, did not obtain a more favorable judgment. Accordingly, in addition to being entitled to an award of attorney's fees and costs under NRS 41.600(3), Plaintiffs are entitled to all costs, including attorney's fees, under NRCP 68 and NRS 17.115 from October 30, 2012 to present.

### 3. The Criteria for an Award of Attorney Fees are Met.

In Nevada, "the 'lodestar figure' ... has become the guiding light of ... fee-shifting jurisprudence and that it has established as a strong presumption that the lodestar represents the reasonable fee..." *See Cuzze v. University and Community College System of Nevada* 123 Nev. 598, 606 (2007). The lodestar approach involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *Herbst v. Humana Health Ins. of Nevada,* 105 Nev. 586, 590, 781 P.2d 762, 764 (1989). After determining the lodestar, the court must then consider the amount through the factors listed in *Brunzell v. Golden Gate National Bank,* 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). (*See also Schuette v. Beazer,* 121 Nev. 837, 864 (2007)).

The *Brunzell* factors relevant to determining the reasonableness of an attorney's fee award include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived. *Brunzell* at 349.

Here, in first applying the lodestar calculation, the Legal Aid Center has tracked the following number of hours reasonably spent on the case:

- James G. Griffin, Esq., 1.2 hours at a reasonable hourly rate of $250 per hour for a total of $300.00. *See* Affidavit of Dan Wulz, Esq., attached hereto as **Exhibit 5**.

- Jill C. Davis, Esq., 53.4 hours at a reasonable hourly rate of $250 per hour for a total of $13,350.00. *See* Affidavit of Dan Wulz, Esq., attached hereto as **Exhibit 5**.

- Sophia A. Medina, Esq., 9.1 hours at a reasonable hourly rate of $250 per hour for a total of $2,275.00. *See* Affidavit of Sophia A. Medina, Esq., attached hereto as **Exhibit 3**.

- Michael Joe, Esq., 16.4 hours at a reasonable hourly rate of $250 per hour for a total of $4,100.00. *See* Affidavit of Michael Joe, Esq., attached hereto as **Exhibit 4**.

- Dan Wulz, Esq., 10.10 hours at a reasonable hourly rate of $300 per hour for a total of $3,030.00. *See* Affidavit of Dan Wulz, Esq., attached hereto as **Exhibit 5**.

- Violeta Hernandez, Paralegal, 1.7 hours at a reasonable hourly rate of $75 per hour for a total of $127.50. *See* Affidavit of Dan Wulz, Esq., attached hereto as **Exhibit 5**.

- Alice McCann, Paralegal, 2.7 hours at a reasonably hourly rate of $75 per hour for a total of $202.50. *See* Affidavit of Dan Wulz, Esq., attached hereto as **Exhibit 5**.

The total of the lodestar is equal to $23,385.00. *See* Detailed Time Records, attached hereto as **Exhibit 2**.

Applying the *Brunzell* factors, first, concerning the qualities of the advocates,

James G. Griffin, Esq., was a third-year staff attorney in the Consumer Rights Project of LACSN. Additionally, he had previous experience in consumer litigation while working in the same department throughout law school as an extern and law clerk.

Jill C. Davis, Esq., graduated from University of Southern California Law School in 2001. She was judicial law clerk to the Honorable Valerie J. Vega from 2001-2002, and then judicial law clerk to the Honorable Mark R. Denton from 2003-2004. She was a Deputy Attorney General from 2006-2007, and a Senior Deputy Attorney General from 2007 until she began employment with the Legal Aid Center of Southern Nevada, Inc. in the Consumer Rights Project in 2011. She resigned in 2013 to return to employment with the State of Nevada.

Sophia Medina is a second year staff attorney in the Consumer Rights Project of LACSN. Additionally, she has 3 years of previous consumer litigation experience through the Consumer Law Clinic at Gonzaga University School of Law and as a law clerk in the Consumer Rights Project of LACSN.

Michael Joe, Esq., is a sixth year staff attorney in the Consumer Rights Project at LACSN. Mr. Joe has been a speaker several times at the Consumer Rights Litigation conference, been a panelist at numerous consumer events and has taught many classes on mortgage and foreclosure issues. Additionally, Mr. Joe has been a member of the Fight Fraud Task Force for the last five years.

All attorneys are under the direct supervision of Dan. L. Wulz, Esq., who has been practicing law for over thirty-five (35) years and has been practicing consumer law – a very

specialized field – for over fifteen (15) years.  Mr. Wulz has attended numerous annual litigation conferences hosted by the National Consumer Law Center (typically attended by 600-700 attorneys from the United States), and has been recognized as well-qualified in having acted as a speaker at those conferences.  *See* Affidavit of Dan Wulz, Esq., attached hereto as Exhibit 5.

Second, concerning the character of work to be done, the practice of consumer law is a very specialized field, mastery of which requires a practitioner to become familiar with both federal and state law.  As illustrated by this case, consumer protection in automobile transactions calls for knowledge and application of the federal Truth in Lending Act, NRS Chapter 598, NRS Chapter 97, NRS Chapter 104 (UCC), as well as contract and tort law, including all remedies associated therewith.  The field calls for in depth training in areas not taught in many law schools, mostly available through multiple days long conferences by the National Consumer Law Center, as well as experience gained only through actually litigating such cases.  The work performed is of a specialized and difficult character.

Third, as to the work actually performed and the skill, time and attention required, as noted, Plaintiffs' counsel investigated Plaintiffs' claims and researched the applicable law necessary to begin litigation.  In light of the work performed, Plaintiffs' request for $23,385.00 in fees is actually quite modest.

Fourth, as to the result, Plaintiffs are the prevailing party.  While the amount of the actual damages was not high, Plaintiffs nevertheless were required to litigate the issues in this case.  Further, in consumer cases with mandatory fee shifting statutes, an award of attorney fees must not be gauged in proportion to the monetary result, under the authorities cited below.

**4.  The Requested Fees Are Reasonable And Must Not Be Based On Any "Proportion" To The Actual Monetary Recovery in a Consumer Protection Case With Mandatory Fee Shifting Statutes.**

### a. **Proportionality Rule**

Simply put, the proportionality rule involves a comparison between the Plaintiffs' damages and their attorney's fees.  However, the law is crystal clear with respect to the inapplicability of the proportionality rule under mandatory fee shifting statutes.  *See cases infra.* As a threshold matter, because actual damage amounts are invariably relatively small in consumer protection cases, the amount of the Plaintiffs' actual damages is not the lynchpin with respect to the amount of attorney's fees sought under a mandatory fee shifting statute.  *See infra.*

Defendant might oppose this request based on the disparity and/or disproportionate nature of the requested fees, as compared to the monetary recovery in this case.  On the surface, attorney's fees of $23,385.00 might seem so disproportionate to the monetary award that Defendant might contend that this amount is unreasonable.  However, quite the opposite is true, especially when dealing with statutory fees that are awarded pursuant to mandatory fee shifting provisions, such as that in NRS 41.600(3)(c).  Indeed, awards of "disproportionate" attorney's fees under mandatory fee shifting provisions are the norm.[1] *See also, Ocnos v R&J Wholesale Inc.,* Eighth Jud. Dist. Ct., State of Nevada, Case No. A-10-615786-C (2012) [awarding $44,327.00 in fees pursuant to NRS 41.600(3)(c) on individual auto fraud case under *Nevada*

---

*See Halacki v Empire Portfolios Inc.,* 2013 WL 3442678 (W.D. N.Y. 2013) (holding where the recovery is likely to be small, calculating attorney's fees as a proportion of damages runs directly contrary to the purpose of fee shifting statutes: assuring that ... claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate fees that are disproportionate to the plaintiff's recovery) (citing *Millea v. Metro–North R.R. Co.,* 658 F.3d 154, 169 (2nd Cir. 2011)).

*See also, Mercantile Adjustment Bureau, L.L.C. v. Flood,* 278 P.3d 348 (Col. Sprm Ct. 2012) Specifically noting that "in consumer protection cases attorneys' fees will almost always be disproportionate to the damage award." (upholding award of statutory attorney's fee award of $ 199,000.00 (thousand) under mandatory fee shifting provision of a state consumer protection statute with only a statutory award of $ 1,000.00 (one thousand)

*Deceptive Trade Practices Act* wherein Plaintiff recovered $3,900.00 in actual damages; 11 times actual damages].

In fact, Plaintiffs' fee request in this case is entirely in line with a litany of case law, which holds as well as clearly demonstrates, that awarding fees in high multiple amounts is perfectly acceptable under statutory fee shifting provisions. Consequently, any blanket or "broad brush" argument by Defendant that the requested fees are "per se" unreasonable because they are grossly "disproportionate" to the damage award in this case is not well taken by the courts. In fact, it is recognized that attorney's fees will almost always be disproportionate to actual damages in consumer protection cases.

### b. Illustrative Case Examples

There is an array of case examples from throughout the country that reject the proportionality rule, wherein attorney's fees were found to be reasonable under various statutory fee shifting provisions, despite being significantly disproportionate (i.e. in large multiples) to the damage awards. These include, but are not limited to:

- *Ocnos v R&J Wholesale Inc.,* **Eighth Jud. Dist. Ct., State of Nevada,** Case No. A-10-615786-C (2012), (awarding $44,327.00 in fees pursuant to NRS 41.600(3)(c) on individual auto fraud case under *Nevada Deceptive Trade Practices Act* wherein Plaintiff recovered $3,900.00 in actual damages; 11 times actual damages).
- *Williams v. First Gov't Mortgage & Investors Corp.,* 225 F.3d 738 (D.C. Cir. 2000) (upholding award of $199,340.00 in fees pursuant to fee shifting provisions of *District of Columbia Consumer Protection Procedures Act* on actual damage award of $8,500.00; 23.5 times actual damages).
- *Reynolds v. Reliable Transmissions, Inc.,* 2010 WL 2640065 (E.D. Va. 2010) (awarding $26,762.50 in fees under pursuant to the fee shifting provisions of the *Virginia Consumer Protection Act* on damage award of $1,500.00; almost 18 times damage award).
- *Miles Rich Chrysler-Plymouth, Inc. v. Mass,* 201 Ga. App. 693, 411 S.E.2d 901 (1991) (upholding $36,000.00 in fees pursuant to the fee shifting provisions of *Georgia Fair Business Practices Act* involving

deceptive auto purchase on damage award of $2,000.00; 18 times damage award).

- *Van Eman v. Cars Prot. Plus,* 267473, 2007 WL 1491814 (Mich. App. 2007) (upholding $43,537.50 fee award pursuant to the fee shifting provisions of *Michigan Consumer Protection Act* on damage award of $4,047 involving deceptive auto purchase and remanding back to trial court for additional fee determination after successful appeal; almost 11 times damage award).

- *Smith v. Gen. Motors Corp.,* 168 Ohio App. 3d 336, 347, 859 N.E.2d 1035, 1043 (2006) (upholding $55,275.00 in fees pursuant to the fee shifting provisions of the *Ohio Consumer Sales Practices Act* on damage award of $3,936.00 involving deceptive auto purchase; 14 times damage award).

- *Tolz v Continental Du Page* 602 N.E. 2d. 1374 (Ill. App. 1992) (action involving a vehicle sale transaction under *Illinois Consumer Fraud Act* upholding attorney fee award of $17,625.00 on actual damage award of $407.50; 43 times actual damages).

- *Hayward v. Ventura Volvo,* 108 Cal. App. 4th 509, 511, 133 Cal. Rptr. 2d 514, 515 (2003) (case involving vehicle purchase upholding fee award of $103,419 under *California Legal Remedies Act* ("CRLA") fee shifting provision on compensatory award of $14,812.00; almost 7 times actual damages).

- *Perez v Z Frank Olds* 2001 WL 849476 (N.D. Ill. 2001) (case involving a vehicle sale transaction involving violation of *Odometer Disclosure Act* awarding $82,800.00 in attorney's fees on a compensatory award of $11,500.00; 7.2 times actual damages).

- *City of Riverside v. Rivera,* 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (affirming $245,000.00 in attorney's fees for excessive force 1983 violations with damage award was $33,000.00; almost 7.5 times actual damages).

- *Montanez v. Chicago Police Officers Fico (Star No. 6284), Simon (Star No. 16497),* 2013 WL 1110870 (N.D. Ill. 2013) (action involving 1983 excessive force awarding $108,350.87 in attorney's fees on actual damage award of $2,000.00; 54 times actual damages).

- *Mercantile Adjustment Bureau, L.L.C. v. Flood,* 278 P. 3d 348 (Col. Sprm. Ct. 2012) (upholding $199,000.00 attorney's fee award based on $1,000.00 statutory award in individual case involving violation of *Colorado's Fair Debt & Collections Practices Act* and remanding back to trial court for additional fee determination after successful appeals; 199 times statutory damages).[14]

- *Gibson v. City of Chicago,* 873 F. Supp. 2d 975, 995 (N.D. Ill. 2012) (action involving 1983 false arrest action awarding $106,872.75 in

---

[14]   Specifically noting at footnote 8 of the opinion that "in consumer protection cases attorneys' fees will almost always be disproportionate to the damage award." (Emphasis added.)

attorney's fees on actual damage award of $7,500.00; 14.2 times actual damages).

- *Halecki v. Empire Portfolios, Inc.,* 2013 WL 3442678 (W.D.N.Y. 2013) (awarding $54,514.00 in fees based on actual damage award of $4,000.00 under mandatory fee shifting provisions of FDCPA (*Fair Debt and Collections Practices Act*); 13 times actual damages).

- *Randle v. H & P Capital, Inc.,* 513 F. App'x 282 (4th Cir. 2013) (upholding award $76,876.59 in fees on actual damage award of $ 6,000.00 under FDCPA mandatory fee shifting provisions; 13.1 times actual damages).

- *Armstrong v. Rose Law Firm*, P.A., 2002 WL 31050583 (D. Minn. 2002) (awarding $43,180.00 in attorney fee award under mandatory fee shifting provisions of FDCPA based on a per se statutory damage award of $1,000.00; 43 times statutory damages).

- *Justice v Nasser Inc* 2010 WL 3825455 (E.D. Ky. 2010) (action involving a vehicle sale transaction involving violation of TILA (*Truth in Lending Act*) awarding $29,592.00 in attorney's fees under TILA's mandatory fee shifting provisions on award of $1,000.00 in "per se" damages; almost 30 times statutory damage award).

- *Dominguez v. Quigley's Irish Pub, Inc.,* 897 F. Supp. 2d 674, 693 (N.D. Ill. 2012) (awarding $63,864.00 in fees under FLSA statute involving individual claim with a recovery of less than $4,000.00 in actual damages; almost 16 times actual damages).

- *Gradisher v Check Enforcement Unit Inc* 2003 WL 187416 (W.D. Mich. 2003) (awarding $69,872.00 in attorney fees under mandatory fee shifting provisions of FDCPA based on a per se statutory damage award of $1,000.00; almost 70 times statutory damages).

- *Tyler v Westway Auto. Ser Cnt. Inc.,* 2005 WL 6148128 (S.D. Fla. 2005) (awarding $64,915.00 in fees after damage award of $3,696.00 under mandatory fee shifting provisions of FLSA (*Federal Labor Standards Act*); 7.5 times actual damages).

- *Vastano v. Killington Valley Real Estate,* 187 Vt. 628, 996 A.2d 170 (2010) (upholding attorney's fee award of nearly $75,000 under *Vermont's Consumer Fraud Act* after damage award of $7,875.00; 9.5 times actual damages).

- *Northeastern Women's Center v McMonagal 889. F. 2d. 466 (3rd Cir. 1989)* (upholding an attorney fee award of $ 64,964.11 on a damage award of $2,661.00 under Federal RICO statute; 24 times actual damages).

- *Sheffer v Experian* 209 Fed. Supp. 2d. (E.D. Pa. 2003) (attorney's fees award under FCRA (*Fair Credit Reporting Act)* in amount of $25,000.00 on a $1,000.00 per se damage recovery; 25 times statutory damages).

- *Garcia v. R.J.B. Properties, Inc.,* 756 F. Supp. 2d 911, 920 (N.D. Ill. 2010) (award of $110,005.52 in fees under mandatory fee shifting

provisions of FLSA in individual case where Plaintiff was awarded $12,046.00 in damages; 9.1 times actual damages).

- *Williams v First Gov't Mortgage* 225 Fed. 3d. 738 (C.A.D.C. 2000) (upholding fee award under fee shifting fee provision of *District of Columbia Consumer Protection Act* in amount of $199,340.00 on damage award of $25,200.00; almost 8 times actual damages).

The above cases awarding large multiples of mandatory attorney's fees under statutory fee shifting provisions are not "aberrations" or "isolated" opinions.   They are numerous, consistent, and represent the state of the law throughout all parts of the country, in both state and federal courts, *including the Eighth Judicial District. See Oncos, supra.*  As can be clearly gleaned from the case examples, any assertion by Defendant that the Plaintiffs' fees in this case should be reduced in "proportion" to or in some sort of "relation" to the damages deviates from a litany of case law and the spirit and intent of mandatory fee shifting statutes as discussed below.

### c.  The Equalizing Effect and Underlying Policies Behind Mandatory Fee Shifting Statutes as in NRS 41.600(3)(c).

It should noted that next to purchasing a home, the second most expensive and important purchase the overwhelming majority of consumers will make in their lifetime is in relation to a car.  The statutory fee shifting provisions of NRS 41.600(3)(c) and other similar fee shifting statutes are the great equalizer that enable the average consumer to go out into the same legal marketplace and retain an attorney of the same caliber and/or competency as the dealer.

The Legislature made the decision to maintain robust enforcement of the provisions of *Nevada Deceptive Trade Practices Act* ("NDTPA") by giving a private right of action to consumers via NRS 41.600 and providing for **mandatory** attorney's fees within its provisions. Robust enforcement of the NDTPA through private enforcement under NRS 41.600 significantly aids public agencies that have limited resources with which to enforce the NDTPA.

15

It is important to recognize that Nevada Attorney General's Bureau of Consumer Protection ("BCP"), which is charged with enforcement of the NDTPA, is entirely unable to represent or even assist any individual in any lawsuit involving deceptive trade practices.[2]   Consequently, the *only way* a robust enforcement of the NDTPA can be effectuated is through NRS 41.600, and *the only way* consumers like Plaintiffs can retain competent counsel to seek redress in the Courts on their behalf is strictly based on the fee shifting provisions of NRS 41.600(3)(c).

Without NRS 41.600(3)(c), no attorney, knowing he or she is most likely going to be heading into protracted and tenaciously defended litigation, (of which this case most certainly was an example), could take on a case wherein the actual "out of pocket" damages are so small. Through enactment of mandatory attorney's fees in NRS 41.600, the Legislature allows consumers to act as private attorneys general, thereby drastically reducing the costs and burdens placed on public agencies to enforce important consumer protection statutes.

The legislative and public policy objectives behind fee shifting statutes are clear.   They are promulgated to ensure access to justice via the Courts by enabling persons (consumers) of limited means to retain the services of a competent attorney, not only to vindicate the rights of the individual consumer, but to discourage or otherwise eradicate certain conduct which the Legislature has found to be deleterious to the consumer marketplace. "Compromising a consumer's ability to recover legal fees renders the protections of the Act illusory.   *Allen v. Woodfield Chevrolet*, 208 Ill.2d 12, 31, 802 N.E.2d 752, 765 (2003).

As the Court in *Best v C&M Door Controls Inc.*, 200 N.J. 348, 354, 981 A. 2d 1267,

---

[2]      The AG's website link at *http://ag.nv.gov/Bureau_of_Consumer_Affairs(BCP)/* states as of February 4, 2014 : "Under the direction of the Attorney General and Consumer Advocate, the Bureau of Consumer Protection (BCP) enforces various consumer protection statutes, in particular deceptive trade and antitrust laws, through the filing of lawsuits on behalf of the State of Nevada and the public good.   BCP cannot represent individual consumers in these lawsuits, nor can BCP assist individual consumers with their own private legal disputes..." *See Ex. 9.*

16

1270 (2009) stated with respect to statutory fee shifting provisions contained in *New Jersey's Consumer Fraud Act*:

> A fee-shifting statute is one that permits a deviation from the so-called American Rule that requires each party to bear its own litigation costs. Fee shifting affords access to the judicial process to persons who have little or no money with which to hire a lawyer by providing an incentive to lawyers to undertake litigation.
>
> … Although the underlying purpose of those statutes may vary, they share a common rationale for incorporating a fee-shifting measure: to ensure that plaintiffs with bona fide claims are able to find lawyers to represent them ... to attract competent counsel in cases involving statutory rights, ... and to ensure justice for all citizens.

Another insightful case is *Schefke v. Reliable Collection Agency Ltd.* 96 Hawai'i 408, 32 P.3d 52 (2001). The Hawaii Supreme Court held:

> [F]ee-shifting statutes are generally enacted to "strengthen the enforcement of selected ... laws by ensuring that private persons seeking to enforce those laws [can] retain competent counsel…. Most significantly, fee award statutes exist to enable people with valid claims to shop for lawyers in the same… ways that people who have money and rights to damage awards do so… The primary purpose of fee award statutes is to help plaintiffs with meritorious claims obtain relief from guilty defendants.  It is therefore better to construe the statutes in a manner that creates incentives for lawyers to represent plaintiffs who have sufficiently strong claims than to worry about protecting defendants who violate ... laws from marginal overpayments.

Consistent with the instant case, as well as with the underpinnings of the aforementioned opinions, the damage amounts in the overwhelming majority of these types of auto fraud cases involve relatively small amounts---amounts that make it economically not feasible for any attorney to represent victims of consumer fraud like Plaintiffs but for fee-shifting provisions like those in NRS 41.600(3)(c).

### d.  Plaintiffs are Prevailing Parties Despite Unsuccessful (Thus Far) Claims

Defendant is sure to argue that because Plaintiffs have not yet prevailed on every legal theory, the fees should be cut.  However, the United States Supreme Court states, "[i]f the

plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the

benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award

of some kind. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S.

Ct. 1486, 1493, 103 L. Ed. 2d 866 (1989) (citing *Nadeau v Helgemoe*, 581 F2d 275, 278-279

(1stCir 1978), and *Hewitt v Helms*, 482 US 755, 107 S Ct 2672, 96 L Ed 2d 654 (1987)).  Also,

attorney's fees should not be reduced for having advanced an unsuccessful claim unless that

claim was distinct in all respects from the successful claims, as held by the Nevada Supreme

Court:

> [W]here the plaintiff's claims involve a common core of facts he is entitled to
> attorney's fees even for the work performed on his unsuccessful claims. It is only
> where a plaintiff has failed to prevail on a claim that is distinct in all respects from
> his successful claims that he should not be entitled to attorney's fees for work
> done on the unsuccessful claims.

*Herbst v. Humana Health Ins. of Nevada, Inc.*, 105 Nev. 586, 591, 781 P.2d 762, 765

(1989) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40

(1983)).

Here, all of Plaintiff's claims arose from the same common core of facts, namely the

retail installment sales contract for the vehicle, the conduct of the Defendant towards the

Plaintiffs during and after the sale, and the wrongful repossession (conversion).  Plaintiffs, by

summary judgment no less, have obtained relief involving the heart of the matter: Second Claim

for Relief, violations of NRS Chapter 97; Sixth Claim for Relief, violations of NRS Chapter 598;

Seventh Claim for Relief, conversion; Ninth Claim for Relief, breach of contract.  Principally

due to the presence of genuine issues of material fact, Plaintiffs so far have not yet prevailed on

some additional legal theories: First Claim for Relief, for TILA violations[3]; Third Claim for Relief, for sales-related forms in Spanish, due to a genuine issue of material fact; Fourth Claim for Relief, fraud, due to genuine issues of material fact; Eighth Claim for Relief, UCC good faith and fair dealing, due to genuine issues of material fact. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee," *Hensley* at 435. Accordingly, the Plaintiffs' attorney's fees should not be reduced for advancing thus far unsuccessful, additional claims for relief.

## D. PLAINTIFFS ARE ENTITLED TO COSTS

Costs in this case are recoverable by Plaintiffs as the prevailing party against Defendant pursuant to NRS 41.600(3) and FRCP 54.

NRS 41.600(3) states that victims of consumer fraud shall be awarded costs. Furthermore, FRCP 54(d)(1) states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

Here, as set forth in greater detail in Plaintiffs' Bill of Costs served concurrently herewith, Plaintiff has incurred $390.00 in reimbursable costs associated with this matter. Pursuant to NRS 41.600 the Court shall award these costs to Plaintiff. *See* Bill of Costs, attached hereto as Exhibit 6.

## E. PLAINTIFFS ARE ENTITLED TO PREJUDGMENT INTEREST

An award of prejudgment interest under N.R.S. 17.130 is not contingent upon having filed an offer of judgment. Prejudgment interest is not designed as a penalty, but rather as

---

[3] Plaintiffs have not yet proven that Defendant extended credit more than 25 times in the preceding calendar year to show that Defendant is a "creditor" under TILA.

compensation for use by defendant of money to which plaintiff is entitled from the time of service of the complaint until entry of judgment. *Ramada Inns, Inc. v. Sharp*, 101 Nev. 824, 711 P.2d 1 (1985).

The interest rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, as of January 1, 2014 is 3.25 percent. Under the statute, Plaintiff is entitled to prejudgment interest at a rate of 5.25 percent (3.25% plus 2%) from the date of service of the Complaint. Prejudgment interest is calculated at the statutory rate of 5.25% per annum pursuant to NRS 99.040 since August 13, 2012 (*see* Return of Service of Summons, filed herein on August 20, 2012, as Doc. No. 10) pursuant to NRS 17.130. $ 8,590.00 (principal sum + costs) x 5.25% = $450.98 divided by 365 for a rate of $1.24 per day. $1.24 x  448  days = $555.52 in prejudgment interest.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter partial Summary Judgment in the amount of $8,200.00 as found appropriate in the Court's Order of April 28, 2014, plus attorney's fees in the amount of $23,385.00, costs in the amount of $390.00, and prejudgment interest in the amount of $555.52.  A partial Summary Judgment which liquidates all of those amounts would assist the parties, or at least Plaintiffs, in seeking to resolve

///

///

///

///

///

///

20

1    this matter with the surety on Defendant's bond required by NRS 482.3333 and obviate the

2    necessity of a trial.

3         DATED this __28th__ day of May, 2014.

4
5                    **LEGAL AID CENTER OF**
                     **SOUTHERN NEVADA, INC.**

6                    /s/ Michael Joe
7                    MICHAEL R. JOE, ESQ.
                   Nevada Bar No.: 10626

8                    **LEGAL AID CENTER OF**
                   **SOUTHERN NEVADA, INC.**

9                    725 E. Charleston Blvd.,
10                   Las Vegas, Nevada 89104
                   Telephone: (702) 386-1070 x 1432

11                   Facsimile: (702) 386-1439
12                   mjoe@lacsn.org
                   *Attorney for Plaintiffs*

13
14                  **CERTIFICATE OF ECF SERVICE**

15         I HEREBY CERTIFY that on the __28th__ day of May, 2014, a copy of the PLAINTIFFS'

16    BRIEF REQUESTED IN COURT'S ORDER OF APRIL 28, 2014, AND MOTION FOR

17    ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST was electronically mailed

18    to:

19
20    Kim D. Price, Esq.                   Gus Flangas, Esq.
21    6385 S. Rainbow Blvd., #600        3275 S. Jones Blvd., 105
     Las Vegas, NV 89118               Las Vegas, NV 89146

22    Kim.price@lewisbrisbois.com        gwf@flangasmcmillan.com

23
24
25
26
27                    /s/Amy Berlin
                   An employee of Legal Aid Center of Southern Nevada, Inc.

28

# EXHIBIT 1

JILL C. DAVIS, ESQ.
Nevada Bar No.: 8418
MICHAEL R. JOE, ESQ.
Nevada Bar No.: 10626
**LEGAL AID CENTER OF**
**SOUTHERN NEVADA, INC.**
800 South Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 386-1070 x 176
Facsimile: (702) 388-1642
jdavis@lacsn.org
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIA TREJO DE ZAMORA and, ISELA GOMEZ-DEHINES <br><br> Plaintiff, <br><br> vs. <br><br> AUTO GALLERY, INC. <br><br> Defendant(s). | Case No.: 2:12-cv-01357-MMD-CWH <br><br><br> **OFFER OF JUDGMENT TO** <br> **DEFENDANT AUTO GALLERY** |

Pursuant to NRCP 68 and NRS 17.115, Plaintiffs MARIA TREJO DE ZAMORA and ISELZ GOMEZ-DEHINES, hereby offer to allow judgment to be taken against defendant in AUTO GALLERY in this case in the total sum of Eight Thousand Eight Hundred Dollars and NO/100 ($8,800.00). This sum includes all interest, costs, attorneys' fees and expenses of any other nature which are accrued to date. This amount also includes any and all claims AUTO GALLERY may have against the plaintiff regarding the matters asserted in the complaint on file herein.

In the event the Offer of Judgment is accepted by Defendant, Defendant will pay the amount offered herein within a reasonable time and obtain a dismissal of the claim as provided by NRCP 68(d) and NRS 17.115(2)(a), rather than allow a judgment to be entered against it.

///

1        In accordance with the provisions of NRCP 68 and NRS 17.115, if this offer is not

2  accepted within ten (10) days of the date of service of same, it shall be deemed withdrawn.

3        This offer of judgment is made for the purposes specified in NRCP 68 and NRS 17.115.

4        Dated this 30th day of October, 2012.

5                               Respectfully submitted,

6

7                         **LEGAL AID CENTER OF**
                       **SOUTHERN NEVADA, INC.**

8

9                         /s/ Jill Davis_____.
                       JILL C. DAVIS, Esq.

10                        Nevada Bar No. 8418
                       MICHAEL R. JOE, ESQ.

11                        Nevada Bar No.: 10626
                       800 S. Eighth Street

12                        Las Vegas, NV 89101
                       Telephone: (702) 386-1070 x 176

13                        Facsimile: (702) 388-1642

14                        jdavis@lacsn.org
                       *Attorneys for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2 of 3

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on the 30th day of October, 2012, the foregoing, **OFFER OF JUDGMENT TO DEFENDANT AUTOGALLERY** was served by placing a true and correct copy of the same in a sealed envelope, First-Class Mail postage fully prepaid, in the U.S. Mail, at Las Vegas, Nevada, and addressed to the following:

GUS W. FLANGAS, ESQ.
Nevada Bar No.: 004989
KIM D. PRICE, ESQ.
3275 S. Jones Boulevard, Ste 105
Las Vegas, NV 89146

/s/ Amy Thrasher                        .
Employee of the Legal Aid Center
of Southern Nevada, Inc.

# EXHIBIT 2

| Client | Client Matter ID | Resp | File | File | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Audit ID | Tmk | Type | Code | Description | Hrs | Rate | Value Inv | Billing |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 6/7/2012 | 248856 | AM | Time | | Initial intake acquiring all facts and documents. (Description redacted.) | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 6/7/2012 | 248939 | AM | Time | | Presented at case review and case was accepted by Jill Davis. I called the client and advised. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 6/13/2012 | 249748 | JD | Time | | draft demand letter to auto dealership | 1.20 | 0.00 | 0.00 | Bill |
| Maria Trejo De | TrejoDeZamoraMaria/2012-033729 | MJ | | | Auto Sales/Repair | | | | |
| 6/18/2012 | 250562 | JD | Time | | call client | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 6/20/2012 | 250910 | JD | Time | | spoke to attorney- Kim Flangas - fax 382-9452, email kdp@flangasmcmillian.com.  discussed the fact that NRS 97 was repealed in March, but this contract was from last year.  sent him NAC 97 contract  - will follow up with him next week. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 6/20/2012 | 250960 | JD | Time | | Meeting with client - discuss the case.  She states (redacted).  She states (redacted).  She has paid over the cash price.  Explained (redacted).  She is willing to settle the case for (redacted).  Explained that I spoke to dealerships attorney just before she came in. | 1.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 6/22/2012 | 251837 | JD | Time | | review letter from opposing counsel and review with attorney James Griffin | .40 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 6/26/2012 | 251986 | JD | Time | | Title history obtained from DMV.  Review title history - vehicle 1 prior own that Amy actually knows.  Title report is clean - no issues.  Draft response to letter from Auto Gallery attorney - legal research re: proper forms and TILA as well. | 3.60 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/2/2012 | 253328 | JD | Time | | Spoke to client - client not agree to (redacted). | 0.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/5/2012 | 253157 | JG | Time | | Drafted the following email:Dan and Jill:First of all, let me just say that TILA is tough.  I had to pretty much butcher my first TILA case before I gained a real grasp on how TILA applies to disclosures (or lack of disclosures) in auto contracts.  I can see how you got a little tongue-lashing from Mr. Price in his latest correspondence (attached), but the good news is, I think you are 100% right on about the APR and he and his client can call his ?pre-computed or add-on interest? whatever he wants:  bottom line, it is a FINANCE CHARGE, its stated in the contract as a FINANCE CHARGE, and as such the contract must have an APR and an APR is not disclosed.  Therefore, we have a violation and it is a violation that leads to statutory damages.  The end.Put aside all the ??amount financed,? using that term and a brief description, such as ?the amount of credit provided to you or on your behalf.?? stuff ? the | 0.60 | 0.00 | 0.00 | Bill |

brief description stuff is a requirement of Regulation Z and it doesn?t get you statutory damages anyway.The meat here ? the real blood in the water ? is the APR.15 USC s 1638(a)(4) requires any person who regularly extends credit (credit being transactions with a finance charge or made with no finance charge but with 4 or more installments ? here we have both of those things) to disclose the APR.Failure to disclose the APR leads to $100-$1000 in statutory damages under 15 USC s 1640(a)(2)(A)(i) ? I would argue that this is a $1000.00 violation.. . .Here it is:  Amount Financed = 7771.30; Total of Payments = 10771.30; Finance Charge = $3000.00; APR computes to 52.662%.  APR not disclosed on K is a violation of 15 USC s 1638(a)(4).  Such a violation leads to statutory damages under 15 USC s 1640(a)(2)(A)(i).It is IMPOSSIBLE to have a finance charge without an APR.As for the NRS Chapter 97 contract ? the dealer is absolutely subject to both NRS 97.299 and NAC 97.110.  Under NAC 97.110, late fees can be *% of the monthly payment or $15.00, whichever is less ? Trejo?s contract states a $100.00 late fee.Mr. Price?s argument that TREJO didn?t apply for credit through AUTO GALLERY because she didn?t fill out a credit application is just . . . stupid.  Did AUTO GALLERY extend credit to TREJO?  Yes.  So she applied for credit and her application was accepted, obviously.. . . If I was in your shoes I would make one final, reasonable offer of settlement saying something like, ?Well, there is obviously a difference of opinion in the interpretation of state and federal statutes, we are Legal Aid, we just want to get this thing resolved, my client has already paid $XXXX, the FMV for the make and model your client sold her at the time of sale is $XXXX, so just sign over the title (or whatever) and we will all go on to loftier pursuits,? or words to that effect.  I would follow up by saying, ?This offer will remain open until XYZ date, if your client rejects this offer, please let me know before XYZ date if you are willing to accept service of process on behalf of your client.?. .. . Dan, I would love to have you weigh in on this.Thanks,James

| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/5/2012 | 253327 | JD | Time | discuss case with opposing counsel - not in agreement on the legal issues on Tila | 0.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/6/2012 | 253329 | JD | Time | spoke to client and to opposing side - car was repossessed; counsel sent over NID letter, discussed with James as well.  Still trying to negotiate settlement in this matter as client has almost paid off the vehicle. | 1.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/6/2012 | 253440 | AM | Time | Client called upset that they repo'd her car and did not understand how he could get away with it and what is the attorney going to do besides call the dealers lawyer. She wants (redacted).  I told her I would relay the conversation and her concerns to Jill and get back to her.  Jill came in to my office we called Ms. Trejo and explained Jill did call the lawyer for the dealer to see if she could get her car back and he will get back to her on Monday.  That who was the other person on the contract, and Ms. Trejo said it was her roommate and co-signer.  We made an appointment for them to come in on Tuesday 7/10, 2012 at 3:00 p.m. and her roommate is to bring identification, verification of income and she will be receiving a letter the deal sent out regarding the repo dated 7/5/12 and to please bring it in with her.  We want to look at it because the copy we got does not conform with the statutes.  She will check the | 0.50 | 0.00 | 0.00 | Bill |

mail and bring it in if she gets it before Tuesday. She thanked us for calling she is more calm and said to wish the lawyer a nice weekend.

| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
|---|---|---|---|---|---|---|---|---|
| 7/6/2012 | 253698 | JD | Time | With Alice translating, telephone conference w/ Client. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/11/2012 | 254119 | JD | Time | Review correspondence from opposing counsel - client called metro when she went to retrieve her goods from the car and did not return the keys. Correspond with james and dan on the issue. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/13/2012 | 254398 | JD | Time | Draft complaint, discuss with Dan and James | 3.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/13/2012 | 254403 | JD | Time | Work on complaint | 0.80 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/13/2012 | 254607 | JD | Time | Work on complaint, research TILA law | 5.60 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/16/2012 | 254696 | JD | Time | Work on complaint | 2.70 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/16/2012 | 254750 | JG | Time | Reviewed Jill's first draft of Complaint. Made suggested changes on a hard copy. Gave it back to JD and told her that it is up to her whether she wants to make changes or not. | 0.60 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/16/2012 | 254866 | JD | Time | Make revisions to complaint and add in 104 section and breach of contract | 3.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/17/2012 | 255024 | JD | Time | Review email from Dan re: complaint. | 0.20 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 7/17/2012 | 410893 | DW | Time | Review Complaint; review Nevada Jury Instruction book re fraud through non-disclosure; e-mail correspondence with James Griffin and Jill Davis re adding a claim for relief of fraud through non-disclosure, with elements from jury instruction | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 7/17/2012 | 410895 | DW | Time | Fly-speck draft of Complaint with detailed e-mail to Jill regarding changes/edits/additions | 0.80 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/24/2012 | 256370 | JD | Time | Revise complaint, and add causes of action | 2.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/25/2012 | 256432 | JD | Time | Work on complaint, add causes of action, tighten up facts, legal research on failure to provide K in spanish | 4.00 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/30/2012 | 257020 | JD | Time | Finalize complaint | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 8/10/2012 | 258828 | JD | Time | certificate of interested parties | 0.20 | 0.00 | 0.00 | Bill |

| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 9/6/2012 | 411648 | MJ | Time | Calculated payment history.Based on our clients representations of payments, and a review of the contract, it appears that Ms. Trejo was not behind on her payments when the auto was repossessed. | 0.70 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 9/7/2012 | 263064 | AM | Time | Client called wanted to know if Defendant filed and Answer.  Called and advised they did and next step is discovery and I will call her if we need any documents or information for the lawyer so, I will call her back.  She said thank you and to thank Jill. | 0.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 9/7/2012 | 263084 | JD | Time | Review answer, contact other side re: FRCP case conference | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 9/7/2012 | 263116 | AM | Time | Ms. Trejo  called back and her friend Gisela wanted to know why everything is taking so long and the defendant is only asking for discovery to delay the process.  I tried to explain the process to sue someone is slow and both parties have the right to ask certain things and file different motions before going to court.  The process can take any where from 6 month, one yr. and even 2 yrs.  That this should have been explained when she signed the retainer agreement.  Ms. Trejo had a fit and wants to meet with you that this is not right that it should take so long and what is the reason for discovery they have all the documents and information that they need.  I told her I would talk with Jill and get back to her on Monday. | 0.20 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 9/10/2012 | 263184 | AM | Time | Called  client and advised of case conference on 9/13/12 at 2:00 p.m. and that she did not have to be present. | 0.20 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 9/18/2012 | 264538 | JD | Time | Draft up initial disclosures | 0.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 9/19/2012 | 411650 | MJ | Time | email to Alice to try to settle case...\Can you contact the client.  We want to make an offer to the other side to settle, by having them pay $8800 (the amount she has paid) to Ms. Trejo. | 0.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 10/1/2012 | 266511 | MJ | Time | Met with client.  She  was concerned it was taking so long. I explained that we had made an offer to settle but they did not respond.  The next step is to do the Offer in Judgment and then go for Summary Judgment.  We think that it is obvious that they should not have repossessed the vehicle since she was ahead on her payments. | 0.80 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 10/1/2012 | 266512 | MJ | Time | Organize file.  Get the police report....They told me that the car was repossessed by breaking into the garage. | 0.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 10/9/2012 | 268631 | MJ | Time | Review case.  Need to do summary judgment.  There has been no answer form the attorney for Auto Gallery.  Called him and left message, that we will be asking for attorney fees.  But if his client wants to settle we would accept $8800 plus $1500 in attorney fees.  More if we have to file in court.  Researched offer in judgment. | 0.80 | 0.00 | 0.00 | Bill |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 10/15/2012 | 268839 | JD | Time | Discovery plan - draft disc plan and sched order and formally put together initial disclosures. | 1.50 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 10/16/2012 | 269194 | MJ | Time | Called Maria. Asked about the second contract that she signed where it says she put down $2500. She says she put down $3500. She said she did not have a receipt. They said that they were knocking the amount off the price and showed her the contract that showed the $7,189.00 and that was $3,500 off the list price. | 0.40 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 10/16/2012 | 269196 | MJ | Time | Worked on arguments for Trejo. Wrote letter to Kim Price, asking for settlement... | 2.70 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 10/17/2012 | 269283 | JD | Time | go over disclosures, and discuss case with MJ regarding payments-issues with down payment but no receipt and different finance amount than contract amount. | 1.50 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 10/17/2012 | 269337 | VH | Time | Called client for MJ:Correct. She wanted to stress this : that man won't give you any car without a down payment. She said (redacted). From: Michael Joe Sent: Wednesday, October 17, 2012 10:04 AMTo: Violeta HernandezSubject: FW: could you call Maria Trejo? I originally sent to Alice because I saw her, and she was the original contact for this client. But could you call for me? I am concerned about the language barrier and am making a demand on the defendant and wanted to make sure my facts are right. | 0.20 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 10/17/2012 | 269480 | JD | Time | Revise letter to Price | 0.20 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 10/23/2012 | 270300 | MJ | Time | Prepare Offer of Judgment | .20 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 11/14/2012 | 273546 | JD | Time | interim status report | 0.50 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 1/31/2013 | 285769 | JD | Time | Affidavit -- draft for summary judgment | 1.10 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 1/31/2013 | 285770 | JD | Time | miscellaneous | 0.10 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 2/8/2013 | 292145 | JD | Time | Draft sj motion | 4.50 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 3/7/2013 | 293430 | JD | Time | Draft summary judgment | 2.50 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 3/28/2013 | 297177 | JD | Time | Work on sj | 1.50 | 0.00 | 0.00 | | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | | |
| 3/29/2013 | 297184 | JD | Time | Work on sj | 1.30 | 0.00 | 0.00 | | Bill |

| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
|---|---|---|---|---|---|---|---|---|
| 4/12/2013 | 300317 | MJ | Time | Met with client. She says Auto Gallery is no longer there. Gave her status, that we are waiting for opposition. | 0.40 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 5/8/2013 | 306098 | JD | Time | Review opposition- draft reply - heart of the opp is that auto gallery did not have to use the NV contracts and b/c the contract was not simple interest it did not have to comply with any disclosures. | 4.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/23/2013 | 326376 | VH | Time | Returned client's call and scheduled an appt for her to meet with Jill. She stated (redacted). | 0.20 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria vs. Auto Gallery | | | | |
| 7/23/2013 | 326428 | JD | Time | Talk to VH - regarding case and clients questions - client seems to (redacted). | 0.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 8/7/2013 | 330205 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 8/14/2013 | 332673 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 8/14/2013 | 332962 | DW | Time | Review file for reassignment since Jill Davis resigned. Read our MSJ and their Opp. No Reply in file. E-mail. | 2.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 8/15/2013 | 332957 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 8/15/2013 | 332964 | DW | Time | Found Reply on S:drive. Read. E-mail. | 0.40 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 8/18/2013 | 333515 | SM | Time | S:\Consumer\dwulz\A -OPEN CASES\TREJO DE ZAMORA, Maria | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 9/10/2013 | 339451 | AM | Time | Ms. Trejo wanted to know what stage her case was at because she had not heard anything from Michael Joe. I checked with Michael Joe and he states the case was given to Dan Wulz. Ms. Trejo wanted to meet with Dan, Dan said it was not necessary because there is nothing new to report a Motion for Summary Judgment was filed March 2013 and we are waiting for the Judge to rule. If Ms. Trejo wants a copy for the Motion we will mail a copy to her.<br><br>I mailed a copy of the motion in todays mail. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/28/2014 | 410257 | MJ | Time | Received decision in case, on summary judgment. Granted in part, denied in part. But mostly granted..... | 1.00 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/29/2014 | 410675 | VH | Time | Amy asked me to contact client and schedule an appt for her to meet with DLW, MJ, & SM. Called client and left a vm to contact me in order to schedule an appt. | 0.20 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 4/29/2014 | 410807 | | MJ | Time | Emails with Dan.  Schedule meeting with client to discuss possible settlement. | 0.40 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/29/2014 | 410850 | | DW | Time | Review 17-page court decision on SJ; e-mails w/ Amy, Michael, Sophia. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/29/2014 | 410863 | | SM | Time | E-mail correspondence with cmecf@nvd.uscourts.gov | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/29/2014 | 410883 | | SM | Time | E-mail correspondence with Amy Berlin | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/29/2014 | 410884 | | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/29/2014 | 410885 | | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/30/2014 | 410793 | | MJ | Time | Received Notice to Withdraw.  Kelly Price, she is no longer with Flangas | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/30/2014 | 410841 | | MJ | Time | Meeting scheduled with clients, for May 2, 2014 | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/30/2014 | 410844 | | VH | Time | Maria called and I scheduled an appt. For her to meet with DLW, MJ, SM, and myself to translate. | 0.20 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/30/2014 | 410898 | | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 4/30/2014 | 410918 | | SM | Time | E-mail correspondence with Violeta Hernandez | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/1/2014 | 411203 | | SM | Time | E-mail correspondence with cmecf@nvd.uscourts.gov | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/1/2014 | 411782 | | MJ | Time | Review decision.  Prepare for client meeting on settlement. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/2/2014 | 411716 | | VH | Time | Translated for client meeting w/ DLW and MJ explained decision to clients and they agree to (redacted). | 1.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/2/2014 | 411776 | | MJ | Time | Met with Maria and Isela.  Settlement discussion.  Agreed to (redacted). | 1.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/2/2014 | 412319 | | MJ | Time | Review previous letters.  Write draft of letter to Flangas. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/2/2014 | 412391 | | DW | Time | Met w/ clients to discuss court's ruling; review some facts; inquire about any potential conflict between them (none); discuss making settlement offer | 1.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |

| Date | ID | Person | Type | Description | Hours | | | Bill |
|------|-----|--------|------|-------------|-------|---|---|------|
| 5/5/2014 | 412109 | MJ | Time | Write letter - offer to Auto Gallery. | 0.80 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/5/2014 | 412387 | DW | Time | Review and revise settlement letter, with case cites too. E-mail correspondence with Michael Joe | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/14/2014 | 415538 | MJ | Time | No response to letter offering settlement. | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/20/2014 | 417451 | VH | Time | I returned Maria's call and informed her that there was no response to our offer so we are going to keep working on the case. | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/21/2014 | 0 | SM | Time | Drafting Motion for Atty Fees and Costs | 0.29 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/21/2014 | 417815 | SM | Time | Email to Violeta - time entry report. | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/21/2014 | 417839 | SM | Time | Email to Dan & Violeta - Time report - word. | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/22/2014 | 418458 | SM | Time | Email to Dan | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/22/2014 | 418406 | DW | Time | Reviewed and redacted 18-page time entries. Reduced some time entries that did not appear reasonable to me given description of task. E-mail to SM and VH. | 1.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/22/2014 | 418459 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/22/2014 | 418461 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/22/2014 | 418500 | MJ | Time | Called Jessica Peterson, at Flangas Law Group. Asked about the pretrial order. She said they had no input and were only in the case to try to settle. They are planning on withdrawing.  She suggested asking the judge to stay the case pending settlement. I told her we would probably have an answer tomorrow AM. | 0.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418447 | SM | Time | Called Carson to get Bond Info.  October 6, 2010 - Present International Insurance Co Bond # - BUIFSU0537996 888-518-8011 | 0.20 | 0.00 | 0.00 | Bill |

| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
|---|---|---|---|---|---|---|---|---|
| 5/23/2014 | 418463 | SM | Time | E-mail correspondence with Michael Joe | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418464 | SM | Time | E-mail correspondence with Michael Joe | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418470 | SM | Time | Email to Dan & Michael | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418465 | SM | Time | E-mail correspondence with Michael Joe;Dan Wulz | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418469 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418478 | SM | Time | Email to  MJoe@lacsn.org;smedina@lacsn.org;DWulz@lacsn.org | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418476 | VH | Time | Per MJ Called client and left msg for them to contact me regarding status of their case. | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418477 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418501 | VH | Time | Per MJ.  I relayed the $3000.00 offer with the 2003 Mercedes Benz at BB value $6000.00.  Maria was upset at the offer and rejected it.  She believes they are not showing good faith in trying to settle and does not believe they are leaving the country.  She was adamant that they do have a bond as Alice researched it for them.  I explained the bond a little more to her in that we are in the process of researching the amount of the bond and also explained to her that if they have ever paid claims on the bond then the balance of the bond would be reduced from the original amount of the bond.  She then understood and still rejects the offer. | 0.20 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418506 | MJ | Time | Called Jessica Peterson.  Told her that the offer was rejected.  She said to go ahead and file our pre trial order.  They will file a motion to withdraw. | 0.70 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418509 | MJ | Time | Prepare pre trial order. | 1.50 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |

| 5/23/2014 | 418544 | SM | Time | Called to get records dept info, guy transferred me to records. | 0.60 | 0.00 | 0.00 | Bill |
| | | | | Attn: Records Department | | | | |
| | | | | 555 Wright Way | | | | |
| | | | | Carson City, NV 89711-0400 | | | | |
| | | | | have to fill out from ir002. Can use our account number and can fax in. Send fax to Lori Warren at 775-684-4899. | | | | |
| | | | | Called the Las Vegas office and got better information on bond. | | | | |
| | | | | Auto Gallery - DRL # 000039655 | | | | |
| | | | | International Fidelity Insurance Company | | | | |
| | | | | Bond #BUIFSU0537996 | | | | |
| | | | | 1 Neward Center Floor 20 | | | | |
| | | | | Newark, New Jersey 07102 | | | | |
| | | | | 888-518-8011 | | | | |
| | | | | Broker - World Wide Insurance Special Inc., | | | | |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418513 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418514 | SM | Time | E-mail correspondence with Michael Joe | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418515 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418548 | DW | Time | Multiple e-mails with SM and MJ re settlement, communicating offer to client, the surety bond, obtaining info from DMV to identify the surety and whether claims have been made exhausting or diminishing the bond, business entity search on Secretary of State web site, Googling phone number for entity identified, etc. | 0.40 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 0 | SM | Time | Drafting brief. | 0.68 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418727 | SM | Time | Email to Dan. | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418724 | SM | Time | E-mail correspondence with Michael Joe | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/23/2014 | 418725 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/26/2014 | 418761 | SM | Time | Drafting Atty Fee brief, working on OOJ and FRCP 54 sections, costs,  and prejudment interest | 1.70 | 0.00 | 0.00 | Bill |

| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
|---|---|---|---|---|---|---|---|---|
| 5/27/2014 | 419034 | SM | Time | Email to Dan | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419035 | SM | Time | Editing experience affidavits | 0.40 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 418885 | SM | Time | Email to Michael & Dan | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 418888 | SM | Time | Pulling cases for Dan | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 418939 | MJ | Time | Prepare pre trial order. | 2.50 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419132 | SM | Time | Bill of Costs | 0.20 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419042 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419045 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419046 | SM | Time | E-mail correspondence with Dan Wulz | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419047 | SM | Time | E-mail correspondence with Michael Joe | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419133 | SM | Time | Making final edits after Dan's latest edits and prepping exhibits | 0.80 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419078 | SM | Time | Email to Michael to write a blurb about his experience for the brief. | 0.10 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419087 | DW | Time | Review and revise 20-page brief and motion for attorney's fees and costs; additional research re applicability of state law; obtain Jill Davis' resume and write portion re her qualifications; review and revise my affidavit. | 2.30 | 0.00 | 0.00 | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419109 | SM | Time | E-mail correspondence with Amy Berlin | 0.10 | 0.00 | 0.00 | Bill |

| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
|---|---|---|---|---|---|---|---|---|
| 5/27/2014 | 419116 | SM | Time | Email to ABerlin@lacsn.org;smedina@lacsn.org | 0.10 | 0.00 | **0.00** | Bill |
| Maria Trejo | TrejoDeZamoraMaria/2012-033729 | MJ | Auto | Trejo De Zamora, Maria v. Auto Gallery | | | | |
| 5/27/2014 | 419111 | SM | Time | E-mail correspondence with Michael Joe | 0.10 | 0.00 | **0.00** | Bill |

| **Firm Totals** | 94.60 | **0.00** |
|---|---|---|

| Summary by Timekeeper | Hrs | Value |
|---|---|---|
| Alice McCann | 2.70 | 0.00 |
| Dan Wulz | 10.10 | 0.00 |
| James Griffin | 1.20 | 0.00 |
| Jill Davis | 53.40 | 0.00 |
| Michael Joe | 16.40 | 0.00 |
| Sophia A. Medina | 9.10 | 0.00 |
| Violeta Hernandez | 1.70 | 0.00 |
| **Total** | 94.60 | |

# EXHIBIT 3

1  MICHAEL R. JOE, ESQ.
   Nevada Bar No.: 10626
2  **LEGAL AID CENTER OF**
   **SOUTHERN NEVADA, INC.**
3  725 E. Charleston Blvd.,
   Las Vegas, Nevada 89104
4  Telephone: (702) 386-1070 x 1432
   Facsimile: (702) 386-1439
5  mjoe@lacsn.org
6  *Attorney for Plaintiffs*

7              **UNITED STATES DISTRICT COURT**

8                 **DISTRICT OF NEVADA**

9  MARIA TREJO DE ZAMORA and,          Case No.:  2:12-cv-01357-MMD-CWH
10 ISELA GOMEZ-DEHINES

11                     Plaintiffs,

12 vs.

13 AUTO GALLERY, INC.

14
                   Defendant(s).
15

16           **AFFIDAVIT OF SOPHIA A. MEDINA, ESQ.**
          **IN SUPPORT OF APPLICATION FOR ATTORNEY FEES**
17

18  STATE OF NEVADA        )
                          )ss.
19  COUNTY OF CLARK        )

20      Sophia A. Medina, first being duly sworn deposes and says:

21  1. I am an attorney admitted to practice before the courts of the states of Nevada and New

22     Mexico (inactive).  I am also admitted to practice in the United States District Court for

23     the District of Nevada.

24  2. I was first admitted to the bar of the State of Nevada in 2011.

25  3. My resume is attached.
26
27  4. I have worked on many litigation cases which were successfully resolved.

28

                            Page 1 of 3

5. I have argued in front of the Honorable Justin L. Quackenbush, in the Eastern District of Washington.

6. I have litigated through the appellate court in the Washington Court of Appeals, Division III.

7. I have become trained in litigating consumer rights cases over the last 5 years, both as a student admitted to practice in the Washington State and as an attorney admitted in Nevada.

8. I am a member of the National Association of Consumer Advocates (NACA). I have attended numerous consumer rights litigation conferences and trainings sponsored by NACA and the National Consumer Law Center. The conferences and trainings have involved many consumer rights matters including the Truth in Lending Act, the Consumer Leasing Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act, state deceptive trade practices acts, identification of issues and potential claims for relief involving automobile sales practices and repossessions, and many other consumer rights issues.

9. I have participated in the legislative process in the State of Nevada and have testified on various bills involving consumer rights, as well as testifying in successful opposition to bills weakening consumer rights.

10. In the case at hand, I spent 9.1 hours of reasonable attorney's services at a rate of $250.00 per hour which equals $2,275.00. These include, but are not limited to, the following services: Consulting with the lead attorney, drafting the requested brief regarding appropriate remedies, costs, and attorney's fees, as well as legal research.

///

///

FURTHER YOUR AFFIANT SAYETH NAUGHT.

SOPHIA A. MEDINA

SUBSCRIBED and SWORN to before

me this 27th day of May, 2014.

Notary Public in and for said County and State

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
SUSAN J. MOEN
Appt. No. 12-7190-1
My Appt. Expires March 26, 2016

**Sophia A. Medina**

8955 Badura Ave, Apt. # 221, Las Vegas, NV 89113

505-459-2828 sophiamedina09@gmail.com
Admitted to Practice Law by the State Bar of Nevada 10/21/11
Admitted to Practice in Federal District Court - District of Nevada 11/4/11
Admitted to Practice Law by the State Bar of New Mexico 04/27/12

| Education | | |
|---|---|---|
| | **J.D.** | *2011* |
| | *Gonzaga School of Law, Spokane, WA* | |
| | **B.A., Criminal Justice** | *2007* |
| | *New Mexico State University, Las Cruces, NM* | |
| | Supplemental Degree in Law and Society | |

**Career History**

**Staff Attorney,** Legal Aid Center of Southern Nevada    *2012- Present*

- Consumer Rights Project

**Law Clerk,** Legal Aid Center of Southern Nevada    *2011-2012*

- Consumer Rights Project

**Legal Intern,** University Legal Assistance, Gonzaga School of Law    *2010-2011*

- Consumer Law Clinic
- Illegal Repossession, FDCPA, Mortgage Foreclosure, Landlord Tenant
- Argued in US District Court for the Eastern District of WA in front of the Honorable Judge L. Quackenbush
- Wrote Appellant Briefs submitted to the WA Division III Court of Appeals

**Law Ambassador,** Gonzaga School of Law    *2009- 2011*
- Welcome prospective students; Answer questions

**Legal Intern,** Unemployment Law Project    *2010-2010*

- Represent employees in administrative hearings regarding obtainment of unemployment benefits

**Memberships & Affiliations**

- **Member,** National Association of Consumer Advocates
- **President,** Hispanic Law Caucus, Gonzaga School of Law
  - Represented the Board at Latina/Latino Bar Association of Washington's Annual Awards
  - Organized & Planned the Alcanzar Justice Program (High School Mock Trial for Minority Students)
  - Organized Spanish Language Lunches to provide an opportunity to both students and professors to practice speaking Spanish on a regular basis
- **Member,** Women's Law Caucus, Gonzaga School of Law
  - Organized and Coordinated School Wide Powder Puff Football Tournament
- **Member,** Phi Alpha Delta Law Fraternity, Edward M. Connelly Chapter

# EXHIBIT 4

1  MICHAEL R. JOE, ESQ.
   Nevada Bar No.: 10626
2  **LEGAL AID CENTER OF**
   **SOUTHERN NEVADA, INC.**
3  725 E. Charleston Blvd.,
   Las Vegas, Nevada 89104
4  Telephone: (702) 386-1070 x 1432
   Facsimile: (702) 386-1439
5  mjoe@lacsn.org
6  *Attorney for Plaintiffs*

7                    **UNITED STATES DISTRICT COURT**

8                          **DISTRICT OF NEVADA**

9  MARIA TREJO DE ZAMORA and,          Case No.:  2:12-cv-01357-MMD-CWH
10 ISELA GOMEZ-DEHINES

11                    Plaintiffs,

12 vs.

13 AUTO GALLERY, INC.

14                    Defendant(s).

15

16          **AFFIDAVIT OF MICHAEL R. JOE, ESQ.**
       **IN SUPPORT OF APPLICATION FOR ATTORNEY FEES**
17

18  STATE OF NEVADA        )
                           )ss.
19  COUNTY OF CLARK        )

20      Michael R. Joe, first being duly sworn deposes and says:

21  1.  I am an attorney admitted to practice before the courts of the state of Nevada.  I am also

22      admitted to practice in the United States District Court for the District of Nevada.

23  2.  I was first admitted to the bar of the State of Nevada in 2007.

24  3.  My resume is attached.

25
26  4.  I have worked on many litigation cases which were successfully resolved.

27  5.  I have become trained in litigating consumer rights cases for more than 5 years as an

28      attorney admitted to practice in the State of Nevada.

                              Page 1 of 2

6.  I am a member of the National Association of Consumer Advocates (NACA). I have attended numerous consumer rights litigation conferences and trainings sponsored by NACA and the National Consumer Law Center. I have been invited to speak at these and other conferences. The conferences and trainings have involved many consumer rights matters including the Truth in Lending Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act, state deceptive trade practices acts, identification of issues and potential claims for relief involving automobile sales practices and repossessions, Mortgage Fraud, and many other consumer rights issues.

7.  I have participated in the legislative process in the State of Nevada and have testified on various bills involving consumer and homeowner rights. I have supported legislation that successfully amended Nevada Statutes to protect consumers as well as testifying in successful opposition to bills weakening consumer rights.

8.  In the case at hand, I spent 16.4 hours of reasonable attorney's services at a rate of $250.00 per hour which equals $4,100.00. These include, but are not limited to, the following services: Drafting, editing and reviewing pleadings filed by Plaintiffs in this matter, analysis of the financial transaction, direct client contact, correspondence with opposing counsel, as well as legal research.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____

MICHAEL R. JOE

SUBSCRIBED and SWORN to before

me this 27ᵗʰ day of May, 2014.

_____

Notary Public in and for said County and State



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
SUSAN J. MOEN
Appt. No. 12-7190-1
My Appt. Expires March 26, 2016

# MICHAEL ROBERT JOE

4 Chenal Pass, Henderson, Nevada 89052 • Telephone: (702) 739-4113 • Email: sunrisetec@sbcglobal.net

## EDUCATION

**J.D.  William S. Boyd School of Law, University of Nevada, Las Vegas**          **2007**
> Academic Honors: Quarterfinalist Clark County Bar Moot Court Competition,
> Outstanding Clinical Student Award.

**MBA.  The Wharton School, University of Pennsylvania,  Philadelphia, PA**          **1976**
> Major: Finance/Accounting.
> Academic Honors: Beta Gamma Sigma (Business School Honor Society),
> Director's Honors List.

**B.A.  Duke University.  Durham, NC**          **1972**
> Major: Economics.
> Academic honors: Dean's List, Class Honors, Pi Mu Epsilon.

## LAW RELATED EXPERIENCE

**Legal Aid Center of Southern Nevada (Legal Aid), Las Vegas, NV**          **2009-Present**
**Staff Attorney, Consumer Rights Project**
> In the Consumer Rights Project, we provide legal assistance at no cost to low income
> clients.  We assist individuals that otherwise are lost in a complex legal system.
>
> Legal Aid's primary focus has been to help Nevada homeowners during the recent
> foreclosure crisis.  Joined Legal Aid at the start of the foreclosure crisis and developed
> the foreclosure   department at Legal Aid.   I was instrumental in developing and
> implementing the Nevada Foreclosure Mediation Program, and appointed a member of
> the Nevada Supreme Court Foreclosure Mediation Rules Committee that wrote the  rules
> for the Nevada Mediation Program.   Current member of the Foreclosure Mediation
> Advisory committee.   Assist homeowners who have seen abuses in foreclosures by
> Homeowner Associations.   Worked with the Nevada legislature and different interest
> groups to improve HOA laws and regulations.  Worked with the Nevada State Legislature
> to pass HOA legislation.  Developed and taught several homeowner classes.

**Judicial Externship, Federal District Court, Las Vegas, NV**          **2006**
> Worked as an extern for Chief Judge Phillip Pro.  Researched and analyzed issues
> relating to summary judgment, motions to dismiss, and Medicare fraud.

## WORK EXPERIENCE

**Sunrise Technology, Livermore, CA**          **1986-1997**
**President and Chief Executive Officer**
> Founded the company in 1986.  Hired employees and built a professional high tech
> organization.  Developed and introduced new products and acquired new product lines. I
> expanded the company into new markets and we grew to over eighty employees. In 1996,
> we merged the company into World Access, Inc., a telecommunications company.  After
> the merger, we expanded World Access from a small telecom company into a member of
> the S&P 500, with revenues of over a billion dollars.   Sunrise Tech. designed,
> manufactured   and   marketed   telecommunications   equipment,   T1   multiplexers,
> DSU/CSU products for the telecom and military marketplaces.

**Turnaround Consulting, CA**                                               **1983-1986**
**Financial Specialist**

> Consulted as a financial specialist for troubled companies.  Developed strategic plans to return companies to profitability.  Developed and implemented work out plans and worked with creditors to resolve supply chain issues.

**Lobo Systems, Inc., Santa Barbara, CA.**                                  **1984-1985**
**President**

> Lobo Systems designed, manufactured and marketed disk drives and personal computers. Downsized the operations and restructured company functions, returning the company to profitability.

## FINANCIAL EXPERIENCE

**Xerox Corporation, Rochester, NY and Santa Clara, CA**                    **1976-1984**
**Rana Systems, Chatsworth, CA**
**Vice-President of Finance, Financial Analyst**

> Progressively increasing levels of financial responsibility, starting as a financial analyst and culminating as Vice-President of Finance at Rana Systems.  As a Financial Planning professional, I would assess the viability, stability and profitability of        the        business and develop strategic plans to address issues facing a business.  Developed  and  wrote strategic, operating and long range plans.  Created         business plans.  Monitored and reported financial results.  Analyzed financial results      and     identified   cost   savings opportunities.  Planned and managed budgets and spending plans.

## COMMUNITY SERVICE

**Boys and Girls Clubs of Tracy, Tracy, CA**                                **1993-1996**
**Board of Directors, Executive Committee**

> The Boys and Girls Club organization is one of the premier nonprofit groups in America. The Club's mission is to enable all young people, especially those who need us most, to reach their full potential as productive, caring, responsible citizens.  As a member of the Board of Directors I was instrumental in refocusing the Club.        During my period on the Board, we changed the fundraising philosophy, rebuilt the Board of Directors, started a signature golf tournament event (The Keena Turner, Tracy Boys and Girls Club Golf Tournament), and completed our first self evaluation.  When I joined the Board of Directors, it was in a precarious financial position.  When I left the Board, they were on solid financial footing.

## OTHER COMMUNITY SERVICE

> Tracy Library Task Force/San Joaquin County Library Task Force, (Tracy, CA)
> Tournament Director, The Keena Turner , Tracy Boys and Girls Club Golf Tournament,
> Board of Deuel Vocational Institute, Tracy, CA (a state prison in Tracy, CA).

EXHIBIT 5

MICHAEL R. JOE, ESQ.
Nevada Bar No.: 10626
**LEGAL AID CENTER OF**
**SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.,
Las Vegas, Nevada 89104
Telephone: (702) 386-1070 x 1432
Facsimile: (702) 386-1439
mjoe@lacsn.org
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA TREJO DE ZAMORA and, ISELA GOMEZ-DEHINES <br><br> Plaintiffs, <br><br> vs. <br><br> AUTO GALLERY, INC. <br><br> Defendant(s). | Case No.: 2:12-cv-01357-MMD-CWH |

**AFFIDAVIT OF DAN L. WULZ, ESQ.**
**IN SUPPORT OF APPLICATION FOR ATTORNEY FEES**

STATE OF NEVADA    )
                                          )ss.
COUNTY OF CLARK   )

DAN L. WULZ, first being duly sworn deposes and says:

1. I am an attorney admitted to practice before the courts of the states of Nevada, California (inactive), Arizona (inactive), and Kansas (inactive).  I am also admitted to practice in the United States District Court for the District of Nevada, the United States District Court for the District of Kansas, the United States Court of Appeals for the Tenth Circuit, and the United States Supreme Court.

2. I was first admitted to the bar of the State of Kansas in 1978.

3. My resume is attached.

4. I have worked on complex litigation cases, including seven class actions which were successfully resolved.

5. I have litigated cases to jury verdict and through the appellate courts in both state and federal courts since 1978. I have handled or participated in handling 24 appellate court cases.

6. I have become trained and proficient in litigating consumer rights cases over the last fifteen years. I am a member of the National Association of Consumer Advocates (NACA). I have attended numerous consumer rights litigation conferences and trainings sponsored by NACA and the National Consumer Law Center, and been invited to speak at such conferences. The conferences and trainings have involved many consumer rights matters including the Truth in Lending Act, the Consumer Leasing Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act, state deceptive trade practices acts, identification of issues and potential claims for relief involving automobile sales practices and repossessions, and many other consumer rights issues.

7. Since 1997, I have participated in the legislative process in the State of Nevada and have testified on bills successfully amending NRS Chapters 598, 97, 482, 604A and other laws involving consumer rights, as well as testifying in successful opposition to bills weakening consumer rights.

8. The time records attached to the Motion for Attorney's Fees as Exhibit 1 accurately reflects the time spent in this case and which was reasonable and necessary to litigate this case.

9. In the case at hand, I spent 10.10 hours of reasonable attorney's services at a rate of $300.00 per hour which equals $3,030.00. These include, but are not limited to, the

following services:  Drafting, editing and reviewing pleadings filed by Plaintiffs in this

matter, legal research, and supervision of lead attorneys.

10. Under my supervision, and through a review of the time keeping records, I am informed

and believe Plaintiff has incurred 1.2 hours of reasonable attorney's services performed

by attorney James G. Griffin at the rate of $250.00 per hour which equals $300.00.  These

include, but are not limited to, the following services:  consulting with lead counsel,

reviewing and editing compliant, and e-mail communications with counsel.

11. Under my supervision, and through a review of the time keeping records, I am informed

and believe Plaintiff has incurred 53.4 hours of reasonable attorney's services performed

by attorney Jill C. Davis at the rate of $250.00 per hour which equals $13,350.00.  These

include, but are not limited to, the following services:  Drafting, editing and reviewing

pleadings filed by Plaintiffs in this matter, direct client contact, correspondence with

opposing counsel, as well as legal research.

12. Under my supervision, and through a review of the time keeping records, I am informed

and believe Plaintiff has incurred non-attorney time of 4.4 hours at a rate of $75.00 per

hour which equals $330.00.  These include, but are not limited to, the following services:

Interpreting services, law clerk time, and paralegal time.

FURTHER YOUR AFFIANT SAYETH NAUGHT.



DAN L. WULZ

SUBSCRIBED and SWORN to before

me this 27th day of May, 2014.

Notary Public in and for said County and State

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
SUSAN J. MOEN
Appt. No. 12-7190-1
My Appt. Expires March 28, 2016

# DAN L. WULZ
**725 E. Charleston Blvd., Las Vegas, Nevada 89104**
**(702) 386-1070, Extension 106**

## EDUCATION:

1978- J.D. - Washburn University School of Law, Topeka, Kansas,
        Dean's Honors.

1973- B.A. - University of Kansas, Lawrence, Kansas.
        Major: Speech Communication and Human Relations.

## EMPLOYMENT HISTORY:

**LEGAL AID CENTER OF SOUTHERN NEVADA, INC., Las Vegas, Nevada, Deputy Executive Director**
**1/96 to present**
- Present - Supervision and Administrative Duties; selected consumer and class action litigation
- Past - Litigation (ADA; Consumer Law, i.e., contract disputes w/ car dealers & pay day lenders; UCC; Deceptive Trade Practices Act; Odometer Act; TILA; ECOA; FCRA)

**NEVADA LEGAL SERVICES, Las Vegas, Nevada, Staff Attorney,**
**3/94 to 12/31/95**
- Practice emphasized federally subsidized housing and class action litigation.

**BRYAN LYKINS HEJTMANEK & WULZ, P.A., Topeka, Kansas, Partner,**
**6/1/86-12/31/91.**
- Practice emphasized plaintiff personal injury litigation.
- Co-counseled personal injury trial resulting in $1 million jury verdict.
- Handled over 100 client files at any one time, from initial client call to final appeal.
- Handled or participated in handling 23 appeals in State and Federal courts.
- Co-managed office with sixteen employees.

**SCHROER RICE BRYAN & LYKINS, P.A., Topeka, Kansas, Partner,**
**12/82-5/31/86.**
- Practice emphasized research, writing, litigation and appellate practice in personal injury cases.

**JONES SCHROER RICE BRYAN & LYKINS, P.A., Topeka, Kansas, Associate,**
**6/78-12/82.**
- Practice emphasized product liability litigation; two class action cases.

**JONES SCHROER RICE BRYAN & LYKINS, P.A., Topeka, Kansas, Law Clerk,**
**9/77-6/78.**

## MEMBERSHIP AND PROFESSIONAL ACTIVITIES:

1995            - Arbitrator, Nevada Court Annexed Arbitration Program.

1989-1990    - Board of Editors, Journal of the Kansas Trial Lawyers
                    Association.

1989            - Judge, Moot Court Competition, Washburn University
                    School of Law.

1988            - Adjunct Professor, Legal Assistant Program,
                    Washburn University.

1987            - Received training and certification as Special
                    Education Due Process Hearing Officer.

1978-1991    - Kansas Trial Lawyers Association.

## PUBLISHED AUTHOR:

Co-Author:        "Product Liability-Defective Design of Rotary
                       Power Mower." 33 P.O.F.2d 447 (1983).

Product Liabil-  "Sorry, This Courthouse is Closed."
ity Column:        Journal of Kansas Trial Lawyers, Vol. 10, No. 2.

General Column: "Recent Developments in Premises Liability:
                       A Suggestion Of Denial Of Equal Protection."
                       Journal of Kansas Trial Lawyers, Vol. 8, No. 6.

Lead Column:     "Causation:  Distinguishing The Existence of Liability
                       From The Extent of Liability." Journal of Kansas Trial
                       Lawyers.  Vol. 6, No. 4.

Article:             "Farm Machinery:  Compression Roller Design Is
                       Unreasonably Dangerous." Trial.  Vol. 17, No. 11.

Article:             "Lawn Mower Makers Shortcut Safety." Trial.
                       Vol. 16, No. 11.

## ADMITTED TO THE BAR:

1978 - Kansas Supreme Court and all inferior courts of the State of
            Kansas.  United States District Court - Kansas.

1980 - United States Court of Appeals, Tenth Circuit.

1982 - United States Supreme Court.

1993 - California Supreme Court and all inferior courts of the State of California.

1994 - Arizona Supreme Court and all inferior courts of the State of Arizona.  (Received second highest score on bar exam).

1994 - Nevada Supreme Court and all inferior courts of the State of Nevada.  United States District Court - Nevada.

**REFERENCES AND WRITING SAMPLES AVAILABLE UPON REQUEST**

## APPELLATE EXPERIENCE AND PUBLISHED DECISIONS:

1. Lippis v. Peters, 112 Nev. 1008, 921 P.2d 1248 (1994) (constitutionality of summary eviction; assisted in preparation of brief)

2. Wahwasuck v. Kansas Power & Light Co., 250 Kan. 606, 828 P.2d 923 (1992). (personal injury; prepared brief).

3. Lowe v. American Family Mutual Insurance Co., 1991 Kan.App. LEXIS 1052, unpublished opinion. (personal injury; uninsured motorist insurance issues; prepared brief and argued appeal).

4. Masters v. Daniel International Corporation, 895 F.2d 1295 (10th Cir. 1990), vac. and remanded, 496 U.S. 933, 110 S.Ct. 3208, 110 L.Ed.2d 656 (1990), on remand, 917 F.2d 455 (10th Cir. 1990). (retaliatory discharge, federal preemption; prepared brief and argued appeal in Tenth Circuit; prepared brief in U.S. Supreme Court).

5. Willoughby v. Willoughby, 758 F.Supp. 646 (D.Kan. 1990) (life insurance, change of beneficiary, divorce, restraining order, summary judgment granted).

6. Mason v. Coker, 1989 Kan.App. LEXIS 661, unpublished opinion. (personal injury; prepared brief).

7. Duncan v. City of Osage City, 13 Kan.App.2d 364, 770 P.2d 843 (1989). (worker's compensation; co-authored brief and argued appeal).

8. Bridges v. Bentley, 244 Kan. 434, 769 P.2d 635 (1989). (personal injury; co-counsel at trial, prepared brief and argued appeal; $1 million verdict).

9. Tomlinson v. Celotex Corp., 244 Kan. 474, 770 P.2d 825 (1989). (personal injury, asbestos, statute of limitations; assisted in preparation of brief and argued appeal).

10. Patterson v. Hartford Accident and Indemnity Co., Case No. 88-1107, 10th Cir., per curiam, 6/23/89. (insurance policy coverage, premises liability; co-authored brief).

11. Menne v. Celotex Corp., 861 F.2d 1453 (10th Cir. 1988). (personal injury, asbestos; co-authored brief).

12. Patrons Mut. Ins. Ass'n v. Harmon, 240 Kan. 707, 732 P.2d 741 (1987). (interpretation of homeowner's insurance policy; prepared brief and argued appeal).

13. Bowers v. Ottenad, 240 Kan. 208, 729 P.2d 1103 (1986). (personal injury, premises liability; prepared KTLA amicus curiae brief successfully urging adoption of active negligence exception to status classifications of premises liability).

14. Mercer v. Fritts, 9 Kan.App.2d 150 (1984), aff'd. 236 Kan. 73, 689 P.2d 774 (1984). (personal injury, urged rejection of status classifications of premises liability or adoption of active negligence exception; prepared both briefs and argued both appeals).

15. Unified School Dist. No. 503 v. McKinney, 236 Kan. 224, 689 P.2d 860, 21 Ed.Law Rep. 353 (1984). (violation of teacher's constitutional rights by school board; prepared brief and argued appeal).

16. Hanna v. Huer, Johns, Neel, Rivers and Webb, 233 Kan. 206, 662 P.2d 243 (1983). (personal injury, architect liability; co-authored brief).

17. Griffin v. Rogers, 232 Kan. 168, 653 P.2d 463 (1982). (liability of State, sheriff and contractor arising out of capsizing of Whipporwill showboat; co-authored brief).

18. Halpin v. Frankenberger, 231 Kan. 344, 644 P.2d 452 (1982). (subrogation and contribution rights of co-guarantor; prepared brief).

19. Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449 (10th Cir. 1982). (personal injury product liability; procedural issues involving phantom parties under Kansas comparative negligence; prepared brief and argued appeal).

20. Greenwood v. McDonough Power Equipment, Inc., 687 F.2d 338 (10th Cir. 1982), rev'd, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), rehearing, 731 F.2d 690 (1984). (personal injury, product liability; prepared briefs in Tenth Circuit and United States Supreme Court and argued appeal in Tenth Circuit).

21. Viestenz v. Fleming Companies, Inc., 687 F.2d 338 (10th Cir. 1982). (F.L.S.A. preemption of employee's suit against employer; prepared brief and argued appeal).

22. Vogel v. Missouri Valley Steel, Inc., 229 Kan. 492, 625 P.2d 1123 (1981). (service of process on dissolved corporation; co-authored brief and argued appeal).

23. Temmen v. Kent-Brown Chevrolet Co., 227 Kan. 45, 605 P.2d 95 (1980). (payment of wages; prepared KTLA amicus curiae brief).

24. State, ex rel., v. Hill, 223 Kan. 425, 573 P.2d 1078 (1978). (unauthorized practice of law; worked on brief as law clerk).

25. Pauley v. Gross, 1 Kan.App.2d 736, 574 P.2d 234 (1977), rev'd den., 225 Kan. 845 (1978). (denial of bail and detention of a juvenile; prepared KTLA amicus curiae brief as law clerk).

# EXHIBIT 6

AO 133    (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| MARIA TREJO DE ZAMORA and, ISELA GOMEZ-DEHINES<br>v.<br>AUTO GALLERY, INC. | )<br>)<br>)<br>)<br>)    Case No.: 2:12-cv-01357-MMD-CWH |

## BILL OF COSTS

Judgment having been entered in the above entitled action on    <u>04/28/2014</u>    against    <u>AUTO GALLERY, INC.</u> ,
<br>                                                    *Date*

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $    350.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 40.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | 0.00 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | 0.00 |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| TOTAL    $ | 390.00 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

| **Declaration** |
|---|

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

   ☑    Electronic service          ☐    First class mail, postage prepaid

   ☐    Other:  _____

s/ Attorney:    <u>/s/ Michael Joe</u>

Name of Attorney: <u>Michael Joe, Esq.</u>

For:    <u>MARIA TREJO DE ZAMORA and, ISELA GOMEZ-DEHINES, Plaintiffs</u>    Date:    <u>05/28/2014</u>
<br>                            *Name of Claiming Party*

| **Taxation of Costs** |
|---|

Costs are taxed in the amount of  _____  and included in the judgment.

_____    By: _____    _____
<br>     *Clerk of Court*                                 *Deputy Clerk*                           *Date*

AO 133  (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

| | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| **Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees)** | | | | | | | |
| NAME , CITY AND STATE OF RESIDENCE | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.