# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIA TREJO DE ZAMORA, *et al.*,

        Plaintiffs,

vs.

AUTO GALLERY, INC.,

        Defendant.

Case No. 2:12-cv-01357-APG-CWH

**ORDER**

    The complaint in this matter was filed on July 31, 2012.  (#1).  Defendant filed its answer, through counsel, on August 31, 2012.  (#11).  The Court adopted the parties' proposed discovery plan and scheduling order on October 19, 2012, which set the dispositive motions deadline for March 29, 2013.  (#15).  Plaintiffs filed a timely motion for summary judgment.  (#17).  On April 28, 2014, the motion for summary judgment was granted in part and denied in part.  (#21).  The following day, April 29, 2014, certain, but not all, defense counsel moved *ex parte* to withdraw as counsel of record.  (#22).  The motion to withdraw was granted as to moving counsel, but Gus W. Flangas, of the law firm Flangas McMillan Law Group, remained as counsel of record for Defendant.  (#23).

    Shortly thereafter, on May 28, 2014, Plaintiffs filed a brief addressing certain issues identified by the Court in its order on summary judgment.  (#24).  Plaintiffs also filed a motion for bill of costs (#25), a proposed pretrial order (#26), and a motion for attorney fees (#27).  In the proposed pretrial order, Plaintiffs' counsel indicated that defense counsel had informed him that (1) he would withdraw if a settlement could not be reached and (2) he would not spend time to work on a proposed pretrial order.  It does not appear that settlement was reached prior to the response deadline on the motion for fees.  Consequently, the motion for fees (#27) is unopposed.

    After the deadline to file a response to the motion for fees (#27) passed, defense counsel filed a motion to withdraw indicating the following: (1) that counsel had been informed that Defendant had no ability to pay any judgment or to appeal any decision, (2) Defendant was unwilling to propose or

participate in any potential settlement discussions, and (3) Defendant did not want to incur additional legal expense to defend the suit. (#29). After review of the motion, the request to withdraw was granted. (#30). Defendant, a corporate entity, was further ordered to advise the Court by July 18, 2014 whether it intended to retain new counsel. Defendant was informed that, as a corporate entity, it could only appear through licensed counsel. (#30) (citing *U.S. v. High Country Broad. Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993)). The Court also ordered the Clerk of Court to add Defendant's last known address to the docket and serve them with a copy of the order on withdrawal. (#30).

The deadline for Defendant to inform the Court whether Defendant intended to appear through licensed counsel passed without any information being submitted from Defendant. However, it is not clear that Defendant was served with a copy of the order on withdrawal. Consequently, the Court will provide Defendant with an additional, but last, opportunity to inform the Court whether it intends to proceed in this matter through retained counsel. The failure to so inform the Court will result in either a recommendation or order that judgment be entered against Defendant.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant shall inform the Court not later than **Monday, October 27, 2014**, whether it intends to proceed in this matter through licensed counsel. Because Defendant is a corporate entity and may only appear through licensed counsel, the information must be submitted through a licensed attorney.

**IT IS FURTHER ORDERED** that Defendant's failure to inform the Court of whether it intends to proceed or appear through licensed counsel will result in an order or recommendation that judgment be entered against Defendant on all remaining claims.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order via certified mail to Defendant's address as listed on the docket: 5160 W. Patrick Lane #100, Las Vegas, Nevada 89118.

Dated: October 6, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge