1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8    MARIA TREJO DE ZAMORA, *et al.*,      )
9                      Plaintiffs,         )
10   vs.                                   )
11   AUTO GALLERY, INC.,                   )
     MAINTENANCE,                          )
12                       Defendant.        )
     _____)

Case No. 2:12-cv-01357-APG-CWH

**REPORT AND RECOMMENDATION**

13

**BACKGROUND**

14          The complaint in this matter was filed on July 31, 2012.  See Doc. # 1.  Defendant Auto Gallery,

15   Inc. ("defendant") filed its answer, through counsel, on August 31, 2012.  See Doc. # 11.  The Court

16   adopted the parties' proposed discovery plan and scheduling order on October 19, 2012, which set the

17   dispositive motions deadline for March 29, 2013.  See Doc. #15.  Plaintiffs Maria Trejo Zamora and Isela

18   Gomez-Dehines ("plaintiffs") filed a timely motion for summary judgment.  See Doc. # 17.  On April 28,

19   2014, the motion for summary judgment was granted in part and denied in part.  See Doc. # 21.  The

20   following day, April 29, 2014, some, not all, defense counsel moved ex parte to withdraw as counsel of

21   record.  See Doc. # 22.  The motion to withdraw was granted as to moving counsel, but Gus W. Flangas,

22   of the law firm Flangas McMillan Law Group, remained as counsel of record for defendant.  See Doc. # 23.

23          Shortly thereafter, on May 28, 2014, plaintiffs filed a brief addressing certain issues identified by

24   the Court in its order on summary judgment.  See Doc. # 24.  Plaintiffs also filed a motion for bill of costs

25   (doc. # 25), a proposed pretrial order (doc. # 26), and a motion for attorney's fees (doc. # 27).  In the

26   proposed pretrial order, plaintiffs' counsel indicated that defense counsel had informed him that: (1) he

27   would withdraw if a settlement could not be reached, and (2) he would not spend time to work on a

28   proposed pretrial order.  It does not appear that settlement was reached prior to the response deadline on

the motion for fees.  Consequently, the motion for fees (doc. # 27) is unopposed.

After the deadline to file a response to the motion for fees (doc. # 27) passed, defense counsel filed a motion to withdraw indicating that: (1) counsel had been informed that defendant had no ability to pay any judgment or to appeal any decision, (2) defendant was unwilling to propose or participate in any potential settlement discussions, and (3) defendant did not want to incur additional legal expense to defend the suit.  See Doc. # 29.  After review of the motion, this Court granted defense counsel's request to withdraw.  See Doc. # 30.  Defendant, a corporate entity, was further ordered to advise the Court by July 18, 2014 whether it intended to retain new counsel.  Defendant was informed that, as a corporate entity, it could only appear through licensed counsel.  Id. (citing U.S. v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993)).  The Court also ordered the Clerk of Court to add defendant's last known address to the record and serve defendant with a copy of the Court's order.  See Doc. # 30.

The initial deadline for defendant to inform the Court whether it intended to appear through licensed counsel passed, without any information submitted by defendant.  See Doc. # 30.  However, because the Court considered the possibility that defendant may not have been served with a copy of the order, this Court gave defendant a final opportunity to address the issue, and instructed the Clerk of Court to serve defendant with a copy of the Court's most recent order.  See Doc. # 34.  The Court noted, in that order, that defendant's failure to respond would result in either a recommendation or order that judgment be entered against defendant.  Id.

On October 10, 2014, the copy of the order mailed to defendant was returned as "undeliverable" to the Clerk of Court.  Doc. # 36.  To date, defendant has not contacted the Court to provide updated contact information or to advise the Court on whether defendant intends to retain new counsel.

## DISCUSSION

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed.R.Civ.P. 1. This objective guides the courts as they construe and administer the federal rules, with various mechanisms helping courts achieve this objective, including the ability to manage caseloads and to sanction parties who fail to comply with the rules or who unnecessarily multiply proceedings.

For example, Rule 16, a central pretrial rule, authorizes courts to manage cases "so that disposition

1    is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement

2    is facilitated." In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir.

3    2006).   Subsection (f) allows courts to "issue any just orders, including those authorized by Rule

4    37(b)(2)(A)(ii)-(vii), if a party or its attorney... fails to obey a scheduling order or other pretrial order,"

5    including sanctioning a party by dismissing an action. See Fed.R.Civ.P.16(f); Fed.R.Civ.P.37(b)(2)(A)(v).

6        Generally, however, drastic sanctions that, among others, dismiss an action are imposed only as a

7    last resort. See Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir. 1993).  In determining sanctions under

8    Rule 37(b)(2), a court may consider the following five factors:  (1) the public's interest in expeditious

9    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public

10   policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See

11   Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).

12   However, the Ninth Circuit has held that it is not always necessary for courts to impose less severe

13   sanctions first, or to give explicit warnings that sanctions may be imposed.  See Valley Engineers Inc. v.

14   Electric Engineering Company, 158 F.3d 1051, 1057 (9th Cir.1998).

15       Moreover, the court may consider the offending party's conduct when determining the appropriate

16   sanctions.  See Henry, 983 F.2d at 947.  Nevertheless, the offending party's conduct must be based on

17   wilfulness, fault, or bad faith for more drastic sanctions to be appropriate.  Id. at 947-48 (citing Fjelstad

18   v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1990)).

19       The Court now turns to Rule 37(b)(2)'s five-part test to determine whether the drastic sanction of

20   entering default is justified based on defendant's absence in this litigation and failure to obey this Court's

21   prior orders.

22   **1.    Expeditious Resolution of Litigation**

23       "Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By the

24   same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money,

25   memory, manageability, and confidence in the process."  In re Phenylpropanolamine Products Liability

26   Litigation, 460 F.3d at 1227.

27       Here, defendant failed to provide the Court with proper contact information meant to facilitate

28   communications between this Court and defendant.  The absence of such information has not only resulted

in this Court's inability to serve defendant with court orders informing defendant of its obligations in this action, but in defendant's failure to comply with the Court's orders. Defendant's behavior is inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Accordingly, this factor weighs in favor of entering sanctions against defendant.

**2.      Court's Need to Manage Its Docket**

It has long been recognized that the court's inherent power to control its docket includes the ability to issue drastic sanctions, such as striking an answer or entering a default judgment, where appropriate. See Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). Indeed, the U.S. Supreme Court has noted that sanctions "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).

To date, defendant has not bothered to contact the Court to provide proper contact information or even to ask about the status of the instant action. In fact, defendant has been absent from this litigation since July 2014. Defendant's failures have thwarted the advancement of this action, making it difficult for this Court to effectively manage its docket. As a result, this factor weighs in favor of sanctions.

**3.      Risk of Prejudice**

The actions of one party that "impair" another party's "ability to proceed to trial or... interfere with the rightful decision of the case" are prejudicial. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Defendant's absence in this litigation is highly prejudicial because it impairs plaintiffs' ability to conduct discovery, proceed to trial, and obtain a "rightful decision" in this case. Accordingly, this factor also weighs in favor of sanctions against defendant.

**4.      Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against" sanctions. In re Phynylpropanolamine Products Liability Litigation, 460 F.3d at 1228 (citation omitted). Although this factor may cut against default being entered against defendant, it is not enough to prevent such an outcome especially since defendant's absence has made it impossible for further proceedings in this case.

**5.      Less Drastic Sanctions**

The Court must consider the adequacy of less drastic sanctions in the instant case. Two considerations are relevant to this Court's analysis: (1) whether lesser sanctions are adequate, and (2) whether the court warned the recalcitrant party about the possibility of sanctions. Connecticut General Life Ins. Co., 482 F.3d at 1096.

It is obvious that defendant has not participated in this action in good faith by failing to contact the Court to provide proper contact information, which has resulted in defendant's failure to obey this Court's orders. Importantly, moreover, defendant has been absent from this litigation since July 2014 and the Court can only conclude that defendant has wilfully abandoned its defense of this case. Consequently, this factor weighs in favor of sanctions against defendant.

After careful consideration, the Court finds that entering default against defendant is appropriate in the instant case. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (Drastic sanctions are appropriate when, as here, four factors support such a finding).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing and good cause appearing therefore, **IT IS HEREBY RECOMMENDED** that default be entered against defendant.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. See Thomas v. Arn, 474 U.S. 140, 142 (1985). Additionally, the Ninth Circuit has held that: (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the district court's order and/or appeal factual issues from the district court's order. See Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: November 21, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

5