**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MARIA TREJO DE ZAMORA and,
ISELA GOMEZ-DEHINES,

     Plaintiffs,

  v.

AUTO GALLERY, INC,

     Defendant.

Case No. 2:12-cv-01357-APG-CWH

**ORDER**

(Dkt. ##27, 37)

   This order addresses three pending issues: (1) Magistrate Judge Hoffman's Report and Recommendation recommending that default be entered against defendant Auto Gallery, Inc. (Dkt. #37), (2) plaintiffs' request for attorneys' fees and costs (Dkt. #27), and (3) plaintiffs' request for partial summary judgment on their breach of contract claim (Dkt. #27.).

**I.**   **Magistrate Judge Hoffman's report and recommendation**

   On November 21, 2014 Magistrate Judge Hoffman entered a Report and Recommendation recommending that I enter default against Auto Gallery.  I am not obligated to conduct a de novo review of Judge Hoffman's report because Auto Gallery failed to file a timely objection.[1] Nevertheless, I have conducted a de novo review and Magistrate Judge Hoffman's report sets forth the proper legal analysis, and factual basis, for his decision.  I therefore accept Magistrate Judge Hoffman's report in its entirety.

---

  [1] 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise" (emphasis in original)).

**II.    Plaintiffs' request for attorneys' fees and costs**

Plaintiffs' motion for attorney's fees is unopposed.  Under Local Rule 7–2(d), the failure of an opposing party to file points and authorities in response to a motion constitutes consent to the granting of the motion.  Thus, the defendant's failure to oppose is sufficient grounds, on its own, for me to grant the motion.[2]  But, as explained below, I have reviewed the motion and determined that plaintiffs are entitled to attorneys' fees and that the fees they request are reasonable.

**A.  Whether plaintiffs are entitled to attorneys' fees**

In a previous order I held that Auto Gallery violated N.R.S. sections 97.185(1)(e) and 97.299(2)(d), committed consumer fraud by means of a deceptive trade practice under N.R.S. sections 41.600 and 598.0923(3), committed conversion, and breached a contract with plaintiffs.[3]

Given my findings in my previous order, there are several grounds for me to award attorneys' fees in this case.  Defendants' consumer-fraud violations trigger NRS 41.600(3) which states that reasonable attorneys' fees shall be awarded to a prevailing party.  NRCP 68(f) also permits me to award reasonable attorneys' fees when a defendant rejects an offer of judgment and subsequently fails to obtain a more favorable judgment—as was the case here.[4]  Nevada law permits me to award attorneys' fees to pro bono counsel.[5]

---

[2] *See, e.g., Bell v. Sheriff*, CCDC, No. 2:11-CV-00922-LDG, 2011 WL 6301198, at *1 (D. Nev. Dec. 16, 2011) (granting motion for attorneys' fees based solely on the defendant's failure to oppose). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir.1992). *See also Gwaduri v. I.N.S.,* 362 F.3d 1144, 1146 (9th Cir. 2004) (upholding fee award based on a defendant's failure to oppose).

[3] (Dkt, #21.)

[4] (Dkt, #27.)

[5] *Miller v. Wilfong*, 121 Nev. 619, 622 (2005) (". . . awards of attorney's fees to pro bono counsel are proper, provided a basis exists and proper factors are applied in making the award.").

Plaintiffs are therefore entitled to reasonable attorneys' fees.

**B.  Whether plaintiffs' fee calculation is reasonable**

The reasonableness of attorneys' fees is calculated using the "lodestar" figure.[6]  The lodestar is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[7]  After calculating the lodestar figure I may "assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors."[8]  The factors I may consider include:

> 1) the time and labor required, 2) the novelty and difficulty of the questions involved, 3) the skill requisite to perform the legal service properly, 4) the preclusion of other employment by the attorney due to acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or the circumstances, 8) the amount involved and results obtained, 9) the experience, reputation, and ability of the attorney, 10) the undesirability of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases.[9]

However, "[t]here is a strong presumption the lodestar figure represents a reasonable fee.  Only in rare instances should the lodestar figure be adjusted on the basis of other considerations."[10]

Plaintiffs submitted detailed billing records meticulously recording counsels' billed hours to the tenth of the hour.[11]  Generally, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won."[12]  The

---

[6] *Caudle v. Bristow Optical Co., Inc.,* 224 F.3d 1014 (2000).

[7] *Id.*

[8] *Morales v. City of San Rafel*, 96 F.3d 359, 363 (9th Cir.1996) (citing *Kerr v. Screen Guild Extras, Inc.,* 526 F.2d 67, 70 (9th Cir.1975).

[9] *Morales*, 96 F.3d at 364 n. 8 (citing Kerr, 526 F.2d at 70); *see also Brunzell v. Golden Gate National Bank,* 85 Nev. 345, 349 (1969) (relating similar factors).

[10] *Id.*

[11] (Dkt. #21 at 21-40.)

[12] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

number of hours billed by plaintiffs' counsel is reasonable given the extensive and complex briefing in this case, the complications created by plaintiffs' language barrier, and the necessary factual investigations.[13]

Plaintiffs' billing rates are reasonable.  Most of plaintiffs' counsel billed at the rate of $250.00 an hour.  One of plaintiffs' attorneys—Mr. Wulz who has been practicing law for over 35 years—billed at the rate of $300.00 an hour.  These are reasonable rates given counsels' experience and skill in these types of matters.

### C.    Conclusion

I find plaintiffs are entitled to attorneys' fees and their calculation of $23,385.00 in fees is reasonable.  I also award plaintiffs' costs in the amount of $390.00[14] and prejudgment interest in the amount of $555.52.[15]

### III.    Plaintiffs request for partial summary judgment on their breach of contract claims

On April 28, 2014 I entered summary judgment in favor of plaintiffs on their ninth claim of breach of contract.[16]  However, I failed to include plaintiffs' $8,200 in damages in that order.[17] I find that, based on my prior order, plaintiffs are entitled to partial summary judgment in the amount of $8,200 in damages for their breach of contract claim.

/ / / /

/ / / /

/ / / /

---

[13] (*Id.*)

[14] I may award costs to plaintiffs under NRS 41.600(3) and FRCP 54.

[15] Plaintiffs properly calculated prejudgment interest under NRS 99.040. *See also Ramada Inns, Inc. v. Sharp*, 101 Nev. 824 (1985).

[16] (Dkt. #21.)

[17] This figure represents what plaintiffs paid for the vehicle defendant improperly repossessed, as explained in my prior order. (Dkt. #21.)

1

## IV.    CONCLUSION

2

IT IS THEREFORE ORDERED that Magistrate Judge Hoffman's Report and

3

Recommendation (Dkt. #37) is accepted in its entirety.  The clerk of court is instructed to enter

4

default against defendant Auto Gallery, Inc.

5

IT IS FURTHER ORDERED that plaintiffs' motion for fees and costs (Dkt. #27) is

6

GRANTED.  Plaintiffs are awarded attorneys' fees in the amount of $23,385.00, costs in the

7

amount of $390.00, and prejudgment interest in the amount of $555.52.

8

IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment (Dkt.

9

#27) is GRANTED, and judgment is entered in plaintiffs' favor in the amount of $8,200 in damages

10

for plaintiffs' ninth claim, asserting breach of contract.

11

The clerk of court shall enter judgment accordingly.

12

DATED THIS 12th day of February, 2015.

13

14

_____
ANDREW P. GORDON

15

UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28